No. 82.—MATTHEW J. Cox, executor, &c. plaintiff in error, *vs.* ELIJAH BAILEY, defendant in error.

[1.] Where one of four joint and several promisors, promised to pay the debt *before* the Statute of Limitations had operated as a bar, it takes the case out of the Statute as to the others.

Assumpsit, in Henry Superior Court. Tried before Judge STARK, October Term, 1850.

The plaintiff in error instituted an action of assumpsit against the defendant in error, upon a promissory note, of which the following is a copy :

" Twelve months after date, I promise to pay Edward Cox, or order, twenty-seven hundred dollars, for value received. 24th November, 1837.          MORTON BLEDSOE,
                                          JOSEPH P. MANLY,
                                          ELIJAH BAILEY,
                                          WILLIAM LANDRUM."

The defendant pleaded the Statute of Limitations.

On the trial, the plaintiff read the note in evidence, and then submitted to the Jury the testimony of Joseph H. Lumpkin and Joseph T. Lumpkin, taken by deposition, who proved the payment of $2,000 on said note, on the 6th day of July, 1843, and $300, on the 19th day of April, 1845.

Counsel for defendant then moved the Court for a non-suit, which motion was sustained, and a non-suit awarded upon the ground, " That payment by one joint obligor, even before the Statute of Limitations had run, did not prevent the Statute from running in favor of his co-obligor.

To which decision of the Court counsel for plaintiff excepted.

GLENN, for plaintiff in error.

McCUNE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record in this case is, whether part payment of a promissory note made by one of four joint and several makers, or promisors, *before* the Statute of Limitations had barred the debt, will operate, so as to prevent the bar of the Statute as to the others. We have already held, that *part* payment of a debt, is a sufficient acknowledgement that the whole debt is still due, so as to authorize the presumption of a promise to pay the remainder ; but that is not the question now presented for our consideration. The question here is, whether *part* payment of a note by *one* of two or more joint and several obligors, or promisors, is a sufficient acknowledgement that the whole debt is still due, so as to authorize the presumption of a promise to pay the remainder, by the *other* obligors or promisors. It may be stated as a general legal proposition, that the act of one copartner, in respect to the copartnership business, will be binding on the other copartners, for the reason, that there exists a *community of interest* between them, in relation to that *particular business.* In all such cases, one partner is considered as the *agent* of the other partners. A partnership may be limited to one particular subject—per Lord *Mansfield, Willet vs. Chambers, Cowpers' Rep.* 816. If two persons should draw a bill of exchange, they are considered as *partners* in respect to the bill so drawn, though in every other respect they remain distinct, and would not be permitted to deny that fact,

Cox *vs.* Bailey.

when the holder of the bill seeks to enforce its payment. *Carric vs. Vickery, Douglass' Rep.* 653, *note.* Is not the principle the same, when two or more *jointly* and severally engage to pay a specific sum of money, notwithstanding some of the parties may be sureties ? Is there not a community of interest between the parties so contracting, *quoad* that particular contract ? There is undoubtedly a *privity* of interest between the parties, although some of them may be sureties, as it is said the defendant is, in this case. In *Exall vs. Partridge,* Lord *Kenyon,* said : " Where one person is surety for another, and compellable to pay the whole debt, and he is called upon to pay, it is money paid to the use of the principal debtor, and may be recovered in an action against him for money paid, even though the surety did not pay the debt by the desire of the principal." 8 *Term Rep.* 310.

So in the case cited from *Rolls' Abridgement, in Child vs. Morley,* (8 *Term Rep.* 614,) where a party met to dine at a tavern, and after dinner, all but one of them went away without paying their quota of the reckoning, and that one paid for all the rest; and it was held, that he might recover from the others their aliquot proportions. Upon what principle was the one who paid the whole bill, entitled to recover from the others ? Doubtless upon the principle, that the parties had associated themselves together, for the purpose of that *particular transaction,* and were jointly and severally liable to pay for the dinner, of which they all partook, as a *special association* of individuals, who were sureties for each other; there was a *privity* of interest betwen them in respect to that *special* undertaking, and the payment made by *one,* of the whole bill, was made for the benefit of *all the others.* Here the defendant, with three others, jointly and severally promised to pay the sum of money specified in the note. In respect to this contract, they were *jointly* interested, and the holder of the note had the right to consider them as joint and several contractors, so far as its payment is concerned, as if they had been partners. There being a community of interest between them, in respect to this *particular contract,* the promise of one to pay it before the Statute bar had attached, must be considered as the promise of all ; upon the principle, that each joint contractor, with respect

to the *joint contract*, is to be considered as the *agent* of the others. The payment made by one, from which the promise is to be inferred, accrued to the benefit of all the other joint contractors. Can the other joint promisors derive a *benefit* from the payment made by one, and *repudiate* the act, when the legal consequences which result from such payment operate against them? Upon what legal principle can the defendant receive *the benefit of the payment* made by one of his joint promisors, and not be bound by all the legal consequences which result from *that payment?* The defendant in effect says, that his copromisor was his *agent* to make the payment on the note, and extinguish *his* liability to that extent; but when that act of his agent in making the payment, is sought to be made to operate against him by preventing the bar of the Statute of Limitations, then it is, he *repudiates his agency.*

The defendant in error cited on the argument, *Bell vs. Morrison,* 1 *Peters. Levy vs. Cadet* 17, *Sergeant & Rawle. Bank of Exeter vs. Sullivan, et al.* 6 *New Hampshire Rep.* In *Bell vs. Morrison* and *Levy vs. Cadet,* the promise was made *after the dissolution,* of the copartnership. *The Bank of Exeter vs. Sullivan,* covers the point made by the plaintiff in error. In that case, as here, the promise was made before the Statute had operated as a bar, but the great weight of authority, both in England and in the United States, is in opposition to the judgment of the Court in the *Bank of Exeter vs. Sullivan.* In *Whitecomb vs. Whiting,* (2 *Douglass,* 652) Lord *Mansfield* held, that the payment by one, is payment for all; the one acting virtually as *agent* for the rest. In *Parham vs. Raynal* (2 *Bingham,* 306,) Ch. Justice *Best,* elaborately considered the question, and sustained the judgment in *Whitecomb vs. Whiting,* holding that case to rest on the same principle, as decisions with respect to admissions by one of several persons *jointly* concerned, in other instances; that an *anomaly* would be created by departing from it; that it had been confirmed in many cases, and *not shaken by any authority.* See also *Wyatt & Hodson,* 8 *Bingham,* 309. *Pease vs. Hirst,* 10 *Barn. & Cress.* 122. *Burleigh vs. Stott,* 3 *Barn. & Cress.* 36. *Smith vs. Ludlow,* 6 *John. Rep.* 267. *Johnson vs. Beardslie,* 15 *John.*

*Rep.* 3. *Beitz vs. Fuller,* 1 *McCord's Rep.* 541. *White vs. Hale,* 3 *Pick. Rep.* 291. *Sigourney vs. Drury,* 14 *Pick. Rep.* 387. *Dinsmore vs. Dinsmore,* 8 *Ship. Rep.* 433. *Shelton vs. Cocke,* 3 *Munf. Rep.* 191. *Walton vs. Robinson,* 5 *Iredell's N. C. Rep.* 341. *Brewster vs. Hardeman, Dudley's Rep.* 150. The promise having been made by one of the joint and several promisors, *before* the Statute had operated as a bar, we are of the opinion, both upon principle and authority, that it took the case out of the Statute as to the other joint and several promisors; therefore, let the judgment of the Court below be reversed.