Hunter *vs.* Robertson and Robertson.

HUNTER, indorser, *vs.* ROBERTSON AND ROBERT-SON.

1. A payment by the principal or maker of a promissory note, before barred by the statute, does not constitute a new point for the running of the Statute of Limitations as against the indorser or surety, unless such indorser or surety be a party to such payment.

*Certiorari.* Tried before Judge FLEMING, in Chatham, on 14th May, 1859.

HENRY WILLIAMS, for plaintiff in error.

WARD, JACKSON & JONES, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

George Robertson and another, as the executors of William Robertson, brought suit in the City Court of Savannah against James Hunter, as the indorser of a promissory note, of which the following is a copy :

"SAVANNAH, January 13, 1851.
" $200 00.
" On the first day of January, 1852, I promise to pay James Hunter, or order, two hundred dollars, for value received.
      (Signed)     ·    " JOHN C. HUNTER.
                 "Indorsed, JAMES HUNTER."

On the 5th January, 1853, the maker paid twenty dollars on account of interest on said note, without the knowledge of the indorser, James Hunter, who had indorsed the note for the accommodation of John C. Hunter. The suit was commenced on the 5th of April, 1858. To that suit the defendant plead the Statute of Limitations as a defense. The Judge of the City Court, on the trial of the case, held that the payment made by the maker on the 5th January, 1853, took the case out of the statute, not only as against the maker, but as to the defendant, the indorser ; that that payment, as an acknowledgment of the subsistence of the debt at that

time, constituted a new point from which the statute began to run, and that the statutory bar would not attach until six years from that time. This judgment having been referred to the decision of the Superior Court of Chatham, as by *certiorari*, was affirmed by that Court, to which the defendant excepted.

Is it true that a payment by a maker, and before the statutory bar has attached to the debt, is sufficient to take the case out of the statute, as to the indorser, and constitute a new starting point for the statute, as to him? That it is true as to a joint obligor, has been well settled by this Court. *Cox vs. Bailey*, 9 *Ga.*, 467. In the latter case, the correctness of the principle, even as to joint contractors and partners, was gravely doubted by this Court; but as the question was no longer open, but an adjudicated one, the principle was adhered to, although a contrary holding would have been the better policy. The reason for the principle is, that, as between joint contractors or obligors and partners, there is a community of interest in that particular business, that what affects one, affects the whole; that the act of one is the act of all; that is, he is, in that matter, considered as the agent of the other partners. But can that be true as to indorsers? We think not. The contract of the indorser is a new and independent one of that of the maker: *Story on Promissory Notes, sec.* 135. While there is, to a certain extent, a privity between them, there is not a community of interest, in all respects. The indorser is bound to the extent of his contract, and according to its terms; that which will discharge an indorser will not always discharge a joint obligor. The contract of the indorser, under our statute, is as surety for the maker; is accessory to his contract, and co-extensive with it, but that is the contract simply to which the indorser accedes, if there be a new contract, a new undertaking, or any change in the old one, the liability of the security, or, as in this case, the indorser is gone; not so with the joint obligor, his liability continues until the debt is paid. If there be a change in the contract, he is supposed to assent to it, because of his common interest in the consideration and advantages of the contract. The security or indorser, on the other hand, stands on his contract as such. Any modification of it, whether to his interest or against it, works his complete discharge, unless he agrees to it.

The theory of the principle, as decided by Lord Mansfield, in *Whitcomb vs. Whiting, Doug.*, 652, and which case the Courts in Georgia and elsewhere, recognizing this principle, have but followed, goes, according to my understanding, not only on the idea that the debt is a subsisting one, but that he, the obligor, making the payment, will pay the whole debt, and the statute runs no longer against the old promise, but only against this new promise. If I am right in this, how can the indorser be affected by such new promise, to which he was no party and did not assent thereto? How can his original promise or contract be extended without his concurrence? It cannot be on principle. But again : If the principle is wrong when applied to joint makers—and there is no doubt in my mind but that it is—shall we extend it to an indorser on the same fallacious reasons? We think not ; because, when it is attempted to be applied to an indorser or surety, another and more important principle will be violated ; that is, the *strict right* of such indorser or surety to stand upon, and be bound by, his contract, to the extent, and in the manner only as he made it.

For these reasons, the judgment of the Court below must be reversed, it being the opinion of this Court that a payment by the principal or maker of a promissory note does not constitute a new starting point for the Statute of Limitations as against the indorser or surety, unless the surety or indorser is a party to such payment, and that the plea of the Statute of Limitations constituted a complete bar to the cause of action as against the indorser.