The opinion of the Court was delivered by
Wardlaw, A. J.
A promissory note for $2,000, dated July 7th, 1855, payable to Miss Huffman, now the wife of S. M. Smith, one day after date, was signed “ C. Neuffer principal, 'John Caldwell security.” Neuffer paid $140 July 24th, 1856, and $1,800 March, 1860. Neuffer died. The statute of limitations was in 1861 suspended, and the suspension' continued throughout the late war. In October, 1866, this suit was commenced against Caldwell. The declaration is against Caldwell upon his several promise, just as it would have been if he had been sole maker of the note, no mention being made of Neuffer. The pleas were non assumpsit and the statute of limitations. The only evidence in reply to the pleas was proof of Caldwell’s signature to the note, and of the payments made by Neuffer as above mentioned, which were credited on the note.
The first payment made by Neuffer was within four *372 years (the period applicable by our statute of limitations to actions on contracts without specialty) after the maturity of the note, and the second payment within four years after the first; but the first was more than four years before the commencement of the suit, and the second more than four years after the maturity of the note. The question then is, whether this second payment made by Neuffer is, without any other evidence of authority, so binding on Caldwell as to defeat bis plea of the statute ?
Our case of Silman vs. Silman, (2 Hill, 416,) decided that a promise to pay, made by one of two joint contractors before the expiration of the statutory period, bound the other, and continued the old contract for a new period of four years. We take occasion here to avail ourselves of the diligence which the appellant’s counsel in this case has exercised in searching the original records, to make more plain the report of that case, by stating that the payment was within four years from the maturity of the note, and was made by Feilding Silman, whose name was signed below that of Lawkin Silman.
On the other hand our case of Gowdy vs. Gillam, (6 Rich. 28,) held that the promise of one of three joint contractors made after the contract had been barred by the statute, would not bind the other two.
In the case now before us the plaintiffs contend that the old contract having been continued by the first new promise implied from the first payment, for four years from that time, with binding efficacy as to both joint contractors, the second new promise implied from the second payment within the first new period of vitality, is j ust as binding as was the first new promise. It will be seen that the effect might be to extend the power of one joint contractor over another to a great, if not indefinite extent. To uphold this would be contrary to the course of our decisions, consistently, as we believe, tending in a contrary direction since *373 the case of Young vs. Monpoey, (2 Bail. 278;) See Steele vs. Jennings & Beatty, (1 McM. 17;) Meggelt vs. Fenney and Jones, (4 Strob. 220;) Bowdre vs. Hampton, (6 Rich. 208.)
The question concerning admissions made by one of various joint contractors, in respect to the statute of limitations, have been of late years much discussed in the Courts of England and of this country. We are not now inclined to enter into them, for we could onty repeat what has been said by others, and a full examination of the subject may be seen in the American edition of Smith’s Leading Cases, (1 vol. p. 318,) under the case of Whitcomb vs. Whiting. To that we refer, and also to cases in the State of Georgia, and to cases in the State of New York. (Cox vs. Bailey, 9 Ga. 467; lllinghash vs. Nourse, 14 Ga. 641; Hunter vs. Robertson, 30 Ga. 479; Van Kuren vs. Parmelee, 2 Coms. 2 N. Y. R. 523; Shoemaker vs. Benedict, 1 Kern. 11 N. Y. R. 180; Payne vs. Slate, 39 N. Y. R. 634.)
In all of that will however be found only the principles ■which should guide a decision, not a decision of the exact question now before us. Eor a decision we bold these propositions to be settled, viz.:
1. That the statute of limitations does not operate by raising a presumption of payment, but by creating a legal bar to the action. Our statute enacts that the action shall be commenced within the time limited “and not after.’’’
2. 'Jhat where the statutory period, counting from the original accrual of the cause of action, expired before commencement of the suit, a promise shown for the purpose of opposing the plea of the statute, is itself the true cause of action ; and this, whether such promise was made before or after the expiration of the period just mentioned. If before, the legal liability was its consideration; if after, the moral obligation. This proposition under the general form of pleading which is allowed, is in practice, unimportant, where the declaration is in assumpsit upon an executed *374 consideration ; but it is material in the declaration of the rights of parties, wherever the new promise, and that alone, stands unaffected by the statute; and from this proposition it follows that payment, admission, and the like, are but evidence of a promise to pay, and that whatever is said to revive a debt must operate through a promise expressed or implied.
3. That joint contractors, at the moment after the making of the contract, are like partners at the moment after the dissolution of their partnership, with this difference that partnership shows an actual community of interest not only in the partnership promise, but. in the subject and consideration ; whereas ordinary joint contractors have common interest in their promise, but may have no community of interest in the consideration, and where they stand known to the promisee as principal and surety, cannot be presumed to have such community.
4. That payment being but evidence, conclusively establishes indebtedness to the amount paid, and when made with direct reference to an ascertained indebtedness larger than this amount, without any contradictory circumstance, manifestly implies an acknowledgment of the balance and a promise to pay it: but that payment differs from admission as it may be made by a stranger, yet will extinguish liability pro tanto, or by a servant specially authorized to pay but not to admit, or by a co-obligor in opposition to express directions.
Starting from these propositions, which have our sanction, we inquire how Caldwell became bound by a payment which Neuffer made more than five years after the maturity of the note. He was bound, it is said, because this payment was within four years after a previous one which Neuffer had made, and from which according to Silman vs. Silman, the statute began to run for a new period. We understand the case of Silman vs. Silman to *375 have in effect decided that by making the joint contract each contractor impliedly authorized the other, at any time before the original contract was barred to bind both by the new promise which payment implies- — -whether to bind by less plain presumptive proof of promise, is not clear- — certainly not to bind by making a new note, (Gilliott ads. Pl. and Mc. Bank, 1 McM. 209;) but we are not disposed to extend that case. It does not follow that the implication, which arises from the personal act of a contractor, and which contemplates a period of four years, must by a new implication attach also for another period of four years to a new promise made by a co-contractor without the knowledge of the former. Common obligation, common benefit from payment apply, it is said, as well to the new promise as to the original contract. It is so, but the original contract looked to its fulfilment or its bar by the statute, within the first period; the benefit received from a payment is unconditional and is not burdened by the necessity of submitting to any promise which attended it, or is implied from it; and the statute is too imperative and beueficient to be subjected to exceptions not heretofore clearly established. Is then the statute of limitations, which pertains to the remedy, a part of the original contract ? So far as concerns the matters which enter into the question concerning the application of the statute, a distinction between the original contract and the new promise, in reference to the authority, of one joint contractor to bind the other, does annex the statute to the contract; but so do the many cases which distinguish between the promise of a joint contractor, or of a partner after dissolution made before the bar of the statute, and a like promise made after the bar.
The new promise made after the expiration of the first statutory period unquestionably binds him who made it. If reversing the case, the payment had been made by the *376 surety, the principal would not have been bound any more than the surety now is, unless the principal’s authority for the surety to promise could be shown by direct or presumptive evidence.
Considerations of the hardship to creditors where notes have been kept alive by repeated payments, urged on one side are balanced on the other side by hypothetical cases of equal hardship to sureties and other joint contractors, who after the lapse of many years may be crushed by old notes brought against them, which they supposed long before barred, but which had received continuous vitality from payments made by some insolvent joint contractor, which had not even been endorsed on the notes. The conclusion which this Court has attained will contribute towards the repose which the statute was designed to promote, and is at least consistent with the letter of the law.
It is therefore ordered that the verdict be set aside, and that a new trial be had.
DüNKiN, C. J., concurred.

Motion granted.

iNGLis, A. J., dubitante.
Statutes of limitation are designed to enforce diligence in the pursuit of remedies on the part of those having rights of action, and thus to promote the peace and repose of society by repressing litigation growing out of claims obscured by lapse of time and loss of evidence. Perhaps the tendency of judicial construction has been to treat them rather as rules of evidence, merely creating a presumption of fact which could be rebutted. Hence sprung the doctrine that an acknowledgment, whenever made, that the promise, &c. was still subsisting, gave a new statutory period of vitality to the original promise, &c., from the date of such acknowl *377 edgment. And by reason, it is presumed, of the unity of undertaking and obligation on tbe part of joint contractors, the doctrine was so applied, as that such acknowledgment made by any one of these, so kept the original obligation alive against all for the new period. If such is still the law, (and it is not understood that this is denied,) where the acknowledgment of one is made within the statutory period, beginning from the original accrual of the right of action on the promise, &c., I am unable to see why a similar acknowledgment during the new statutory period for which the unity of obligation of the co-contractors is thus made to continue, should not impart a still further vitality for another new period, and so on, as long as the joint liability is still continuing when such acknowledgment is made.
Eecently, however, a tendency has been developed on the part of Courts to return towards an enforcement of the statutes in their original design and true spirit. Thus it is now well settled doctrine that a several promise cannot, by a promise or an acknowledgment equivalent thereto made after the statutory lar has leen completed, give vitality to the original promise so as to make it in itself a cause of action; that in such case the original obligation, though no longer subsisting in law, yet thus admitted still to be undischarged, in fact constitutes a sufficient consideration to support the new promise, which itself becomes the cause of action, and must be declared upon accordingly. And hence it has followed, that the joint legal obligation of contractors having been discharged by operation of law after the completed bar, and so the unity or community of undertaking no longer subsisting, such new promise binds only him who makes it, and he may be sued thereon alone. The present decision goes one step further, — (I admit it is in the same direction,) — by holding that such promise or acknowledgment of one, if not made within the statutory *378 period beginning at the original accrual of tbe right of action, though made within a new statutory period originated by a promise, &c., which has been made within such original period, and therefore while the joint relation of the contractors and their joint liability continues, does not give a new period of vitality to the original contract, but can only he regarded as a distinct promise by the individual party, binding himself alone, and. to be sued on as the creditor’s true cause of action, supported by the consideration of the old promise being still in fact unfulfilled. The next step in this retrograde course will be to hold that such promise, &c., whenever made, though within the first statutory period, shall not, in contradiction of the express terms of the statutes, give a new currency, thence beginning, to the original promise; but is to be regarded as in itself a new and distinct promise, and that, although a suit at any time within the original statutory period may, of course, be on the original promise which is then by its own inherent vitality still subsisting, yet after the completion of that original period, suit must be on the new promise, although it was made while the bar was yet incomplete. And thus it will logically follow that such acknowledgment or new promise made by one of several joint contractors, although within the original statutory period, will not, in any wise, bind his associates, but only himself. For while, perhaps, any one of such joint contractors may, during the continuance of the joint undertaking, (that is, until it has been completed by performance, or has been discharged or dissolved by operation of law,) bind the others as well as himself by any act done within the proper scope of that undertaking, no one of them has, by virtue merely of such joint relation, power to make a new promise for all. And then all the decisions will be consistent.
If I do not concur fully in the judgment of the Court *379 in this case, it is only -because I am not able to make it consist with the yet acknowledged law, as authoritatively ascertained and announced in Silman vs. Silman, (2 Hill, 416).

Motion granted.