R. S. PARTLOW, Respondent, *v.* WILLIAM SINGER, CHARMAN & WARNER, Appellants.

*Appeal from Clackamas County.*

1. The Statute, section 25, page 144, revives the old rule, that a payment by one joint debtor or joint contractor, on the indebtedness, revives the liability as to all.

2. In case of a payment on bill, bond, note, &c., the limitation begins to run from the time of the payment.

PARTLOW commenced this action in the County Court of Clackamas county, against defendants, on a promissory note executed by defendants to him on the first day of April, 1859. The complaint sets out a payment of ten dollars on said note, March 25th, 1861; the suit was commenced March 25th, 1867. To this complaint, defendants, Charman & Warner, demurred on the grounds: 1st. That the action had not been commenced against the defendants, Charman & Warner, within the time limited by law; and 2d. That the complaint did not state facts sufficient to constitute a cause of action. On the argument of the demurrer it was admitted by both parties that the payment of ten dollars, mentioned in the complaint, was made by defendant Singer without the knowledge or consent of the other defendants, Charman & Warner, or either of them. This admission was entered of record, and so found by the court in its decision of the case. The court overruling the demurrer, the defendant, Charman, the only one served with process elected to stand thereby, whereupon the court gave judgment for the plaintiff. Defendant appealed to the Circuit Court, and there the judgment below was affirmed, and defendant, Charman, brought the case here on appeal.

*S. Huelat, Esq.*, for appellants:

1st. A payment by one joint, or joint and several signer of a promissory note, in that note does not in any wise affect the other signers: *Van Keuren* v. *Parmelee*, 2 *Coms.*, 523; *Shoemaker* v. *Benedict*, 11 *N. Y.*, 176; *Winchell* v. *Hicks*, 18 *N. Y.*, 558; *Bell* v. *Morrison*, 1st *Peters' U. S. S. C.*, 451; 2 *Parsons on Cont., pages* 358–9–60–1, &c.; 11 *Minnesota*, 138; 20 *Tex.*, 77; 11 *Foster N. H.*, 219, and other authorities.

2d. The admission of one of two joint contractors alone, when they are not partners, cannot deprive the other of his defense when both are sued upon the contract. (2 *Coms.*, 512.)

3d. That *section* 25, *page* 144 *of our Code* will virtually repeal section 24, same page, if any other construction is put upon it than is given in New York to section 24.

*Johnson & McCown*, for respondent :

The only reasonable construction of our statute (section 25, above), is that a payment by one joint maker of a promissory note, without the knowledge or express consent of the others, takes it out of the statute of limitations as to all the makers, when the payment is made after the note is due. *Winchell* v. *Bowman*, 21 *Barb.*, 448 ; *U. S. Dig.*, *vol.* 20, *sections* 326–7–8, *page* 649 ; 19 *Ark.*, 692 ; 9 *Conn.*, 496 ; 38 *Maine*, 179 ; 14 *Pick.*, 387 ; *Whiteaker* v. *Rice et al.*, 9 *Minnesota*, 13, based upon a statute precisely like ours.

BOISE, J. From the statement of the case, the only question for determination by this court is, did the payment by Singer, made March 25, 1861, so renew the note as to take it out of the operation of the statute of limitations? Were our own statutes silent on this subject, we think there is no doubt that the weight of authority is that a payment on a note, by one of two joint makers, does not operate to renew the note as to the other joint obligor, who was not privy to the payment.

It has been held in New York that " there is no mutual agency between joint debtors by reason of their joint contract, which will authorize one to act for the other so as to vary the liability." Such has been the settled law in that State since the case of *Van Keuren* v. *Parmelee*, 2 *Coms.*, 523, decided in 1849. The same doctrine has been held by the Supreme Court of the United States, in *Bell* v. *Morrison*, 1 *Peters*, 351, where that court says that, after the dissolution of a partnership, one partner connot bind his co-partners by a new promise to pay a debt, which, without such promise, would be barred by the statute of limitations. In England, it was held that a part payment by one of several

original joint debtors or contractors, either of principal or interest, upon the original debt, revives the remedy against the other parties, although they are sureties only. (*Chit. on Cont.*, 834.) The same doctrine was held in Maryland and in Massachusetts; but in the latter State the rule has been changed by statute. It has been strenuously urged in the argument that our statute can be so construed as not to overthrow the doctrine, now so well established by the weight of modern authority, " that a promise or payment by one joint contractor does not bind his co-contractors so as to revive their liability;" and this is the sole question here. This requires an examination of *section 25, page 144, of the Code*, which provides: "Whenever any payment of principal or interest has been or shall be made upon an existing contract, whether it be bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

In this case the note was due at the time of the payment. The statute is silent as to the several liability of the party making the payment, and any obligor to a note may properly make a payment on it; and, as the statute fixes the time when the limitation *shall commence*, we think it was the intention of the legislature to revive the old rule, reviving liability as to all on a payment made by one of several joint debtors. We do not see how any other construction could be put upon it without violating the ordinary interpretation of language.

Ordinarily, the statute begins to run when the note is due; in this case the statute fixes the time at the date of the last payment, and such plain language can have no other signification. With the same statute, such is the rule in Minnesota. (9 *Minn.*, 13.) We think, therefore, that the judgment in the court below was in accordance with the statutes, and it is affirmed.