# Estate of Furman Sheppard.   Appeal of J. H Halsey & Smith.

*Assignment for creditors—Dividend—Statute of limitations—Recognition of debt.*

The allowance of a dividend by a decree of the court of common pleas upon the report of an auditor making distribution of an assigned estate does not arrest the running of the statute of limitations in favor of the creditor, but, as the assignee is the agent of the debtor for the purpose of ascertaining the validity of claims presented for payment, his payment upon a claim duly proved or admitted before the auditor is a recognition which clearly establishes the bona fides of the claim, especially where the creditor who subsequently objects to the claim was before the auditor and made no objection to it at the time.

*Statute of limitations—Attachment execution—Confession of judgment—Legatee.*

An attachment in execution against a legatee's interest in an estate will not prevent the legatee from confessing judgment to the executor of the estate for a debt barred by the statute of limitations which was due the decedent in his lifetime.

*Statute of limitations—Creditor and debtor—Fraud.*

The omission to set up the statute of limitations as a defense is not a fraud of which the creditors of a debtor have a right to complain.

Argued Jan. 11, 1897.   Appeal, No. 415, Jan. T., 1897, by J. H. Halsey & Smith, from decree of O. C. Phila. Co., April T., 1895, No. 129, dismissing exceptions to supplemental adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to supplemental adjudication.

Furman Sheppard died November 3, 1893, leaving a will dated August 14, 1893, by which he devised and bequeathed all his estate to his widow for life, and on her death gave two fifths of it to each of his two daughters, and one fifth to his son, Robert Sheppard, who had failed in business in 1884, and made an assignment for the benefit of creditors.

Prior to 1884, Robert Sheppard was indebted to his father in the sum of about $20,000, for money loaned to the firm of Fenton & Co., of which Robert Sheppard was a member, but this indebtedness was, at the time of Furman Sheppard's death, barred by the statute of limitations.

J. H. Halsey & Smith obtained a judgment against Robert Sheppard, April 24, 1886, for the sum of $3,348.14, and a writ of attachment in execution was issued on this judgment November 16, 1893, and duly served on the executrix, attaching the interest of Robert Sheppard in the estate of Furman Sheppard, deceased.   The judgment was revived November 23, 1894, for $4,787.73.

Following the issuing and service of the attachment, Robert Sheppard, on November 24, 1893, executed a judgment note in favor of the executrix for the sum of $32,610.89, and judgment was entered upon this note on November 25, 1893.

PENROSE, J., filed a supplemental adjudication, as follows :

Sur petition of Anna Laura Sheppard, executrix, for rehearing.

By the adjudication filed May 13, 1895, of the account of the petitioner, it was ordered that the balance in her hands as executrix, viz : $79,168.53 composed as therein indicated, should be paid and transferred to Mrs. Anna L. Sheppard in her own right as tenant for life under the provisions of the will of her husband, the testator, " upon the entry of security for the protection of the interests taking effect at her death, including the interests of the attaching creditors of Robert Sheppard, according to the provisions of the act of assembly in such case provided." Robert Sheppard, a son of the testator, being entitled, under the will at the termination of the life estate of his mother, to one fifth of the residuary estate.

The adjudication mentions the fact that the share of Robert Sheppard has been attached ; but not understanding that any question existed as between him and the estate of the testator involving the fact of his being entitled to any share, and the court being without jurisdiction as to matters affecting the question of indebtedness as between the attaching creditor and his debtor, Robert Sheppard, the auditing judge declined to hear proof of claims against him on the ground that the rights of attaching creditors would be determined in the court from which the attachment issued.

The petition avers that Robert Sheppard is not entitled to have any share of the estate at the death of the tenant for life, for the reason that he is a debtor to such estate in a sum far in

excess of what would otherwise be his share; and as the determination of this question affects the rights of the other children of the testator entitled, under his will, at the death of their mother, to distribution of the present balance, the confirmation of the adjudication was suspended and a rehearing granted.

The rehearing was had March 9, 1896, at which time Hector T. Fenton, Esq., David Mandel, Jr., Esq., and Hon. F. Carroll Brewster appeared for the petitioner; Edward P. Bliss, Esq., for J. H. Halsey et al., attaching creditors of Robert Sheppard; and F. A. Hartranft, for Haydon et al., also attaching creditors.

The decedent died, as stated in the adjudication, November 3, 1893. Within two weeks thereafter, viz: November 16, 1893, an attachment was issued and served upon the accountant as garnishee, on a judgment of Halsey & Smith against Robert Sheppard, in common pleas court No. 3, of March term, 1886, No. 337, entered April 24, 1886, for want of an affidavit of defense for $3,248.14, since increased by judgment on scire facias to revive, issued November 16, 1893, to $4,787.73, with interest from November 23, 1894.

On the 25th of November, 1893, judgment was entered in common pleas court No. 2, of September term, 1893, No. 986, in favor of Anna L. Sheppard, executrix of Furman Sheppard, deceased, against Robert Sheppard, upon judgment note dated November 24, 1894, for $32,610.89, and upon this judgment payment of $4,458 was subsequently received from the sheriff, under an execution issued December 29, 1894, upon the judgment of Halsey & Smith against Robert Sheppard; the judgment of Mrs. Sheppard as executrix being the first lien upon the real estate sold.

Subsequently, viz: November 15, 1894, another attachment was issued upon a judgment of A. & M. Haydon against Robert Sheppard in common pleas court No. 1, of June term, 1884, No. 175, for $2,974.67, which was duly served upon the accountant as garnishee.

If the judgment of the executrix against Robert Sheppard be added to the balance in her hands of assets already collected, $79,168.53, it is obvious that the debtor, who already holds an amount (say $28,000) largely exceeding his share, one fifth of the entire estate, is not entitled to participate in the distribution of the balance as above, either now or at the death of the

first taker. But it is contended on behalf of Halsey & Smith that the confession of judgment after the date of their attachment confers no right on the part of the executrix to use it for the purpose of excluding the debtor from the distribution, and thus defeating their attachment.

It is by no means clear that the question of the validity of the judgment is an open one as between the attaching creditors and the estate of the testator. The record shows that under the levy upon the real estate of Robert Sheppard upon the execution issued by them on their judgment, the proceeds of sale were paid by the sheriff on the judgment of the estate as first lien. This involved a determination by the proper authorities that as between the execution creditors and the judgment the latter was not only prior in lien, but, necessarily, that it was valid and unimpeachable. Treating it, however, as still open, the auditing judge is of the opinion that the validity of the judgment has been fully established. That there was an actual indebtedness—assuming that the admission of the debtor was not sufficient to establish it—was clearly shown. The firm of which Robert Sheppard was a member made an assignment for the benefit of their creditors, and the account of their assignees was referred by the court of common pleas, No. 4, to an auditor whose report shows that the meeting before him was attended by counsel for Halsey & Smith and by Robert Sheppard; and that among the claims presented and admitted to be correct were those of Halsey & Smith for $3,054.88, upon which a dividend of $187.81 was awarded, and Furman Sheppard (the testator) for $21,513.18, the dividend on which was $1,322. This report was filed December, 1886, and confirmed January 28, 1887.

It is true as shown by the authorities referred to by Mr. Bliss in his very able brief on the subject, the allowance of a dividend by a decree of the common pleas upon the report of an auditor making distribution of an assigned estate does not arrest the running of the statute of limitations in favor of the creditor, for the reason that the proceeding is in rem merely; nor does the payment of the dividend by the assignee imply a new promise, since he is not the agent of the assignor for that purpose: Light's Estate, 136 Pa. 211; but the assignee is the agent of the debtor for the purpose of ascertaining the validity of claims

presented to him for payment, and his payment upon a claim duly proved or admitted before the auditor of his account, is a recognition which clearly establishes the bona fides of the claim —and especially so where the party now raising the question was before the auditor and made no suggestion to the contrary. But, it was contended by Mr. Bliss, the debt was barred by the statute of limitations at the time of the confession of judgment, and Halsey & Smith, by reason of their prior attachment had acquired a lien upon the share of their debtor in the estate which deprived him of the power to waive the statute even as against a claim the validity of which, with the legal and moral obligations thus implied, he himself fully recognized. It is not easy to see how the attachment could confer such a right. The attachment binds only the interest of the debtor in the estate of the testator, and the interest does not arise until it has been ascertained how much of the estate has already been received by him. The lien does not extend to the conscience of the debtor. If instead of obtaining the confession of judgment the executrix had brought suit for recovery of the debt, nothing short of the pleading of the statute could have prevented an adverse judgment. It can scarcely be pretended that an attachment creditor of the defendant to the suit would have the right to intervene and make defense. The judgment so obtained could not be impeached collaterally except on the ground of fraud, and it is a maxim of the law that whatever a man may be compelled to do, he may do voluntarily, as in this case, he may confess judgment if judgment can be obtained against him by due process of law: Co. Litt. 171 a. That the omission to set up the statute as a defense is not a fraud of which third persons have a right to complain has been very frequently decided: Keen v. Cleckner, 42 Pa. 529 ; Brown's Appeal, 86 Pa. 524 ; Sanger v. Nightingale, 122 U. S. 176 ; Allen v. Smith, 129 U. S. 465 ; Bank v. Kimble, 76 Ind. 195. See also Kennedy v. Powell, 34 Kan. 22 ; Henderson v. Waid, 96 Pa. 460 ; Meckley's Appeal, 102 Pa. 536. Nor is the failure to set up the statute as a defense to an honest claim available as a ground for contesting the validity of a judgment on the part of the persons having a lien on the fund, which, by reason of such judgment would yield them a smaller dividend. This was decided in Woods v. Irwin, 141 Pa. 278, which in principle, in the opinion of the auditing judge.

rules the present case. There an executor of an insolvent estate confessed judgment for a bona fide debt, barred by the statute, and creditors sought on that ground to have the judgment opened and set aside, but the Supreme Court, overruling the court below, sustained its validity. Creditors, at the death of their debtor, acquire a lien upon his estate, and their rights by reason of this are no less sacred than the rights which are obtained by judicial proceeding; as was said by Judge Agnew in Nice's Appeal, 54 Pa. 200, "Death casts the estate into an unchangeable mould, the law then fixing its condition and prescribing its management and its distribution." See also Kater v. Steinruck, 40 Pa. 501. The objection to the confession of judgment and the waiver of the statute in Wood v. Irwin had, therefore, quite as much force as it has when urged by a creditor who has attached the interest of his debtor in an estate to which the latter is indebted, and this being the case, it is unnecessary to refer in detail to numerous authorities, largely from other states, cited by Mr. Bliss, or to show how they are distinguishable.

Being of the opinion that Robert Sheppard has no right to participate in the distribution of the balance awarded to Mrs. Sheppard at the termination of her estate, the award to her upon the entry of security for the protection of future interests is amended by omitting therefrom any reference to the creditors of Robert Sheppard, who, under the views taken by the auditing judge, have no rights which entitle them to such protection.

The order suspending the confirmation of the adjudication is rescinded, the right to file exceptions to such adjudication as now amended, being extended to the third Saturday after the filing of the order now made.

The orphans' court dismissed the exceptions to the adjudication and confirmed it.

*Errors assigned* were in dismissing exceptions to supplemental adjudication.

*Henry Budd*, with him *Edward P. Bliss*, for appellants.—A legatee whose interest is attached by a creditor cannot avoid the attachment, and transfer or release his legacy, by reviving a debt which at the time of the attachment was barred: Roig

v. Tim, 103 Pa. 117; Rushton v. Rowe, 64 Pa. 63; Neely v. Grantham, 58 Pa. 433; Strong v. Bass, 35 Pa. 334; Drake on Attachment, 6th ed. p. 672; Webster v. Adams, 58 Me. 317; Fessler v. Ellis, 40 Pa. 248; Bank v. Glue Co., 164 Pa. 1; Com. v. Steacy, 100 Pa. 613; Rogers v. Gilmore, 12 W. N. C. 420; Sturtevant v. Robinson, 18 Pickering (Mass.) 175; James v. Milne, 3 Penny. 394; Holt v. Libby, 80 Me. 329; 13 Am. & Eng. Ency. of Law, 710; Wood on Limitations, sec. 41; Shewen v. Venderhorst, 1 Russ. & Mylne, 347; Shewen v. Vanderhorst, 2 Russ. & Mylne, 75; Fuller v. Redman, 26 Beav. 614; Kittera's Est., 17 Pa. 416; Gurcier's Est., 28 Pa. 261; Yorks's App., 110 Pa. 80; Boyer's App., 23 W. N. C. 473; Woods v. Irwin, 141 Pa. 278; Chapin v. Freeland, 142 Mass. 383; Hill v. Hilliard, 103 N. C. 34; Hoch's App., 21 Pa. 282; Fritz v. Thomas, 1 Whart. 66; Smith v. Pattie, 81 Va. 654; Keely v. Weir, 38 Fed. Rep. 291.

In order to constitute an available set-off it is not enough to show that there is or was a debt. It must be a debt due and payable at the time of the attachment: Crall v. Ford, 28 W. N. C. 366; Taylor v. Gould, 57 Pa. 152; Hughes's App., 57 Pa. 181; Reed v. Marshall, 90 Pa. 345; Chapman's App., 122 Pa. 331; Light's Est., 136 Pa. 211; Milne's App., 99 Pa. 483; Buckius Est., 4 Dist. Rep. 775.

*F. Carroll Brewster*, with him *Hector T. Fenton*, for appellee, cited, Woods v. Irwin, 141 Pa. 278; Milne's App., 99 Pa. 483.

PER CURIAM, January 25, 1897:

We find no error in this record that would justify us in sustaining either of the assignments of error. The questions presented have been so fully considered and so satisfactorily disposed of by the learned auditing judge, in his supplemental adjudication, that nothing can be profitably added to what he there said. For reasons given in his opinion and concurred in by the orphans' court in banc the decree is affirmed and appeal dismissed with costs to be paid by appellants.