Decided 31 July, 1906.

**SHEAK v. WILBUR.**

86 Pac. 375.

</div>

LIMITATIONS—NOTES—EFFECT OF PAYMENT BY TRUSTEE IN BANKRUPTCY OF ONE SIGNER ON LIABILITY OF OTHERS.

Under Sections 24 and 25 of B. & C. Comp., providing that the statute of limitations as to an existing contract shall begin to run from the time the last payment was made, if the statute has not then run, a part payment on an existing obligation by the trustee in bankruptcy of one of the obligors extends the life of the obligation as to all the obligors.

From Union: ROBERT EAKIN, Judge.

Action by J. K. Sheak against E. J. Wilbur, M. S. Block and Ben W. Grandy. From a judgment for plaintiff, defendant Grandy appeals.        AFFIRMED.

For appellant, there was a brief over the name of *Ramsey & Oliver,* with an oral argument by *Mr. William Marion Ramsey.*

For respondent, there was a brief over the name of *Crawford & Crawford,* with an oral argument by *Mr. Thomas Harrison Crawford.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This action was commenced November 28, 1904, to recover on a promissory note executed by the defendants Wilbur, Block and Grandy on March 24, 1893, due four months after date. Wilbur was adjudged a bankrupt by the federal court in August, 1898. On the 30th of November following a payment of $28.09 was made on the note in suit by his trustee, and the sole question for decision is whether such payment will toll the statute of limitations as to the other makers of the note. Ever since the enactment in 1623 of St. 21 Jac. 1, c. 16, placing limitations upon personal actions, which statute has been substantially adopted in many of the states of the Union, there has been great diversity of opinion, especially in this country, as to whether a payment by a joint maker of a promissory note will remove the bar of the statute as to his co-obligors. One class of cases holds that, in the absence of a statute to the contrary, "payment by one is payment for all, the one acting as agent for the rest," and serves to keep the debt alive both as to the party making the payment and his co-makers: *Whitcomb* v. *Whiting,* 1 Smith Lead. Cas. 703; Id., 2 Doug. 652; *Cox* v. *Bailey,* 9 Ga. 467 (54 Am. Dec. 358) ; *Sigourney* v. *Drury,* 14 Pick. (Mass.) 387; *Cross* v. *Allen,* 141 U. S. 528, 535 (12 Sup. Ct. 67, 35 L. Ed. 843). And another that a part payment of an indebtedness is equivalent to a new promise to pay the residue based upon the old consideration upon which a cause of action accrues at the time of the payment and therefore binds only the person making it or one whom he is authorized to bind by a new promise to pay: *Bell* v. *Morrison,* 26 U. S. (1 Pet.) 351 (7 L. Ed. 174) ; *Cowhick* v. *Shingle,* 5 Wyo. 87 (37 Pac. 689, 25 L. R. A. 608, 63 Am. St. Rep. 17) ; *Stubblefield* v. *McAuliff,* 20 Wash. 442 (55 Pac. 637).

But the effect of a part payment is regulated in this State by a statute essentially different from that of any other state, except perhaps Montana: Sections 24, 25, B. & C. Comp. This statute has repeatedly been before the court for consideration, and the doctrine was early announced that the payment by a

joint maker or by his administrator will keep the debt alive as to his co-obligors, and that "whatever amounts to part payment of principal or interest on an existing contract of the kind specified, made before the limitation has expired, places the creditor in a position that he may sue on the original contract at any time during the period prescribed, counting from the time of payment": *Sutherlin* v. *Roberts*, 4 Or. 378; *Partlow* v. *Singer*, 2 Or. 307. These cases have been often cited with approval, and the doctrine therein announced steadily adhered to by this court and by the federal court: *Creighton* v. *Vincent*, 10 Or. 56; *Dundee Inv. Co.* v. *Horner*, 30 Or. 558 (48 Pac. 175); *Smith's Estate*, 43 Or. 595 (73 Pac. 336, 75 Pac. 133); *Allen* v. *O'Donald* (C. C.), 28 Fed. 346; *Cross* v. *Allen*, 141 U. S. 528 (12 Sup. Ct. 67, 35 L. Ed. 843). No distinction in principle can be made between a payment by an administrator and by a trustee in bankruptcy, and unless the doctrine which has prevailed in this State for more than a third of a century is to be now overruled, the judgment must be affirmed. The rule announced in *Partlow* v. *Singer* and *Sutherlin* v. *Roberts* has thus been acquiesced in by the legislature and the people, and if a change should now be made, it lies with the legislature and not the courts. The courts cannot always be inquiring into the original justice or wisdom of rules long established and accepted. The judgment is affirmed.     AFFIRMED.