## BERRY DRY GOODS CO. v. JONES.

No. 25940.   March 24, 1936.

Rehearing Denied June 16, 1936.

Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Dick Jones, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

The plaintiff, the Berry Dry Goods Company, filed its petition in the district court of Okfuskee county, February 23, 1932, against the defendant, R. B. Jones, upon a promissory note dated November 18, 1926, due one day after date, in the sum of $1,-750; said note bearing a credit of $122.50 under date of April 20, 1927.

The defendant denied the execution of the note under oath and pleaded further that on December 3, 1926, at the solicitation of the plaintiff and other creditors he made a general common-law assignment to C. H. Taylor, trustee, for the benefit of his creditors; that the plaintiff and other creditors benefited therefrom, and accepted such deed of trust, or common-law assignment, and such dividends as a complete and full settlement of all claims against said defendant; that the plaintiff agreed to accept such dividends as a full and complete settlement; that sufficient property was conveyed to said trustee to more than pay all of the defendant's debts; that most of said property conveyed by said common-law assignment, or deed of trust, was still in the hands of the trustee when this suit was filed; that through negligence of the trustee in the administration of said trust the assets of said estate had been wasted and dissipated; that if said trustee had used diligence, more than enough money could have been collected to pay all of the creditors in full; that by reason thereof, the plaintiff was estopped from proceeding against the defendant; that, even though the court might find the note in question was executed, such a payment made by the trustee under the deed of trust or common-law assignment was not such a voluntary

payment on the part of the defendant as to toll the statute of limitations, and that said defendant had resided continuously in Okfuskee county, since December 15, 1926, and more than five years prior to the filing of plaintiff's petition.

Upon these controverted questions of fact and law, this case was tried to the court without a jury January 9, 1934. At no time prior to the trial or to the rendition of the judgment by the trial court did the plaintiff ever request the trial court to make a special finding of either facts or law, and at the conclusion of the trial, and before argument of counsel, the trial court made the following remark:

"I accept the correction. I find he did execute the note. I am agreeing with you; the correct statement of the law is that an allegation of the execution of the note and denial under oath of its execution puts the burden of proof on the plaintiff, so far as the execution is concerned. I don't know why I made the other statement. We will not disagree on that. In other words, if the defendant had not denied the execution of the note under oath, it would stand as admitted and relieve the plaintiff from proving the execution of it, but when the execution is denied under oath, the burden is upon the plaintiff to prove that it was executed. I will have to hold that Mr. Jones executed the note."

This case was subsequently and further argued by counsel, and taken under advisement, and thereafter, and on March 15, 1934, the court rendered a general judgment upon all questions of law and facts in favor of the defendant. The journal entry specifically sets forth that the court found all the issues in favor of the defendant, which journal entry was duly approved by the attorneys for the plaintiff.

The plaintiff submits this cause to this court on the theory: First. That the defendant was not released from his liability by reason of the assignment or deed of trust, because there was no agreement by the plaintiff to accept a pro rata distribution under the assignment in full settlement of the plaintiff's note. Second. That the payment by the trustee, under a common-law assignment or deed of trust, upon the plaintiff's note, pursuant to the terms of the common-law assignment, or deed of trust, executed by the debtor, is a voluntary payment within the meaning of section 107, O. S. 1931, and tolls the statute of limitations. Third. That the suit was not prematurely brought.

The defendant submits this cause to this court on the theory: First. That the note was not executed. Second. That even though it was executed, it was barred by the five-year statute of limitations, the payment above mentioned not being a voluntary payment within the meaning of section 107, O. S. 1931. Third. That said assignment for benefit of creditors operated as a cancellation of the defendant's debts, as against the creditors who participated in the assignment. Fourth. That the plaintiff by encouraging the execution of the assignment, and participating therein, is estopped from proceeding against the defendant.

From the evidence it clearly appears that the plaintiff and other creditors induced the defendant to make the assignment; that said defendant turned over to the trustee, besides his stock of merchandise, fixtures and, accounts, 280 acres of land, which included the debtor's homestead and some city property in Okemah, Okla., and in Bloomfield, Ark., all of said land, except the debtor's homestead, being clear, except for taxes. The debtor's business was located at Bloomfield, Ark., and the assignment was executed there December 3, 1926, and on December 15, 1926, the defendant moved to Okemah, Okla., and has since resided there. The only credit on the note was $122.50, under date of April 20, 1927, said payment having been made by the trustee for the creditors.

The first question presented to this court by this appeal is whether or not the remarks of the trial court above quoted verbatim are such as to impeach or set aside the solemn judgment of the finding of the trial court of all of the issues in favor of the defendant, which was, of course, a finding that the note in question was not executed.

This court has heretofore held in a long line of decisions that where, at the conclusion of a trial had before the court without a jury, the trial court orally reviews the evidence and expresses its opinions upon the law and facts involved in the case, and where there are no special findings of fact and conclusions of law asked for, and where the findings and judgment of the court are embodied in a journal entry, the oral opinion expressed by the court performs no office in the case-made, and cannot be considered by this court on appeal from the judgment of the trial court. Guss v. Nelson, 14 Okla. 296, 78 P. 170.

The execution of the note was denied under oath, and at the trial the defendant on

the witness stand denied specifically that he executed it. Only one witness for the plaintiff testified that the defendant executed the note, and the court on commenting upon the evidence mentions the difference in the signature to the note and the signature on defendant's business ledger.

The trial court heard the evidence given and was in a better position than this court to judge the demeanor and bearing of the witnesses and the credibility of the evidence, and this court certainly cannot say that the evidence does not reasonably tend to support the judgment of the trial court. The doctrine of Guss v. Nelson, supra, is sound and wholesome law and has long been treated by this court as such, and is supported by overwhelming authority of other jurisdictions. See Gates v. Settlers Milling, Canal & Reservoir Co., 19 Okla. 83, 91 P. 856; Holt v. Spicer, 67 Okla. 60, 166 P. 149. Watashe v. Tiger, 88 Okla. 77, 211 P. 415; Rogers v. Harris, 76 Okla. 215, 184 P. 459; Ruby v. Warrior, 71 Okla. 82. 175 P. 355; James v. Coleman, 64 Okla. 99, 166 P. 210; Dixon v. Stoetzel, 136 Okla. 302, 276 P. 730; M. C. Geisey v. Chilcoat, 142 Okla. 251, 286 P. 778; Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721, and cases therein cited.

This case might be disposed of for the reason just given, except for the fact that both the plaintiff and the defendant urge with all possible vigor the question both pro and con of whether or not a payment made by the assignee or the debtor, pursuant to the terms of the common-law assignment, or deed of trust, executed by the debtor, is such a payment within the meaning of section 107, O. S. 1931, as will toll the statute of limitations. This court has heretofore held in a long line of decisions strictly construing the above statutes in favor of the debtor. In the case of Simpson v. Tootle, Wheeler & Mottor Mercantile Co., 42 Okla. 275, 141 P. 448, this court held:

"The payment to a creditor by a trustee of a bankrupt debtor of dividends ordered paid by a court of bankruptcy is not such a voluntary part payment by the debtor as will establish a new point from which the statute of limitations will run, under section 4663, Revised Laws 1910."

In the case of Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210, this court held:

"A credit on a note to toll the statute must be a voluntary payment. And the application, by the holder of the note, of the proceeds of the sale of securities hypothecated at the time of the making of the note, as a credit on the note, does not toll the statute;

for the reason that it does not constitute a new promise to pay, or a new acknowledgment of the indebtedness. But it is only an enforcement of the original obligation and promise."

See, also, American Surety Company of New York v. Steel, 84 Okla. 166, 203 P. 1043; Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640; Street v. Moore, 172 Okla. 336, 45 P. (2d) 73.

In 17 R. C. L. section 310, we find the general rule stated as follows:

"It is a general rule that a payment by an assignee or trustee in bankruptcy or insolvency does not take a case out of the statute, not upon the ground that the payment was not authorized but rather that the authority does not extend to binding the party by an acknowledgment of the debt and a promise to pay it." White v. Meadowcroft, 91 Ill. App. 293; Wannamaker & Brown v. Plank, 117 Ill. App. 327; Smith-Frazer Boot & Shoe Co. v. White (Kan.) 51 P. (2d) 790; Parsons v. Clark, 59 Mich. 414, 26 N. W. 656; Kilton, W. & Co. v. Providence Tool Co., 22 R. I. 605, 48 A. 1039; Robinson v. McDowell, 133 N. C. 182, 45 S. E. 545; Sheak v. Wilbur, 48 Ore. 376, 86 P. 375; In re Sheppard's Estate, (Pa.) 36 A. 422; American Woolen Company of New York v. Samuelsohn, 226 N. Y. 61, 123 N. E. 154; Ferris v. Curtis, 53 Colo. 340, 127 P. 236.

One of the best-reasoned cases recently appearing on this question is the case of Berteloot v. Remillard, 228 P. 690, by the Supreme Court of Washington, in which the court held:

"Where property is turned over to third persons to be applied on indebtedness, payments made by such persons do not toll the statute, unless debtor's intention that such persons should have power to revive whole debt clearly appears."

The overwhelming weight of authority sustains the general rule which seems to be that the payment of a dividend by the assignee for benefit of creditors is not such a part payment of the debt as will toll the running of the statute of limitations.

In the instant case it appears from the evidence that the creditors selected their own trustee and the deed of trust contained the following provision:

"In event the party of the second part should die or for any reason should fail, neglect or refuse to act or become incapacitated to act as such trustee herein, parties of the third part may, by separate instrument duly executed and acknowledged, and filed for record, appoint another trustee in his stead, who, when he is appointed shall be clothed with all the powers necessary to

execute this trust, just as if he were specifically mentioned herein, and the fact of such new appointment shall be prima facie evidence that a necessity has arisen for the same."

The trustee at his own convenience and at the convenience of the creditors made the payment on the note heretofore mentioned, and all of the evidence, as well as the deed of trust, implies the negation that the trustee had any authority to make a new promise to pay the balance, or to make any new acknowledgment of the debt. On the whole it appears that the trustee acted rather as agent of the creditors, and made the payment in his own behalf, and in his official capacity. The evidence and the instrument under which the trustee operated tend to show that the assignee had the authority only to administer the trust and discharge his official duty toward the creditors and the defendant, Jones, and there is nothing in the record which infers that he had any authority to make either a new promise to pay or a new acknowledgment of the debt. He was an agent of the law and made the payment under consideration in pursuance of his legal duty. Debtor Jones had surrendered title and possession to all of his property, even his homestead, to the trustee, and said property was no longer under the defendant's control or direction, and the payment made by the trustee certainly implies no voluntary action on the part of the defendant, Jones. The defendant, Jones, had no control over the trustee and could not compel him either to approve or reject claims presented for allowance, nor had he any authority to enforce the payment of dividends to creditors. The assignee, when he accepted the trust, became in law and in fact a trustee, as set forth in the trust instrument; a trustee for both the debtor and the creditors, rather than as the agent of either, and the law invested in him only the duty of carrying out and discharging the duties and obligations of the trust in the proper appropriation of the assets of the defendant, Jones, toward the payment of his existing debts. The trust deed or assignment conferred upon the trustee no power to create a new debt against the debtor, Jones, or to extend his legal obligations to his creditors.

Therefore, in keeping with the great weight of authority and in line with the decisions of this court heretofore rendered construing section 107, O. S. 1931, this court holds that the payment of a dividend by the assignee for the benefit of creditors under this common-law assignment, or deed of trust, was not such a part payment of the debt as to toll the running of the statute of limitations, and this case is, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys Waldo T. Oden, W. C. Austin, and Ross Rutherford in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Oden, and approved by Mr. Austin and Mr. Rutherford, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.