## BERRY v. OKLAHOMA STATE BANK.

No. 3863.  Opinion Filed August 3, 1915.

(151 Pac. 210.)

1.  **PLEADING—Verification—Necessity—Indorsements of Written Instruments.** The statute, providing that in all actions allegations of the execution of written instruments and indorsements thereon shall be taken as true unless denied under oath, is specific, and requires a specific allegation of the indorsements in the petition, before the defendant is required to deny them under oath. It is the allegation of indorsements that the defendant is required to deny under oath, and not some indorsement not pleaded, but merely shown by an exhibit attached to the petition. And. unless the indorsements are specifically alleged in the petition, the issues may be raised by an unverified denial.

2.  **LIMITATION OF ACTIONS—Tolling of Statute—Voluntary Payment.** A credit on a note to toll the statute must be a voluntary payment. And the application, by the holder of the note, of the proceeds of the sale of securities hypothecated at the time of the making of the note, as a credit on the note, does not toll the statute; for the reason that it does not constitute a new promise to pay, or a new acknowledgment of the indebtedness. But it is only an enforcement of the original obligation and promise.

(Syllabus by Brett, C.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by the Oklahoma State Bank against J. M. Berry. Judgment for plaintiff, and defendant brings error. Reversed.

*W. S. Pendleton,* for plaintiff in error.

*Blakeney & Maxey,* for defendant in error.

Opinion by BRETT, C. This is an action in which the defendant in error, the Oklahoma State Bank, sued the plaintiff in error, J. M. Berry, on a note, with certain payments indorsed thereon, and attached a copy of said note to its petition as part thereof. The defendant below, Berry, to this petition interposed a general denial, and specifically denied having made the payments indorsed on the note, and pleaded the statute of limitations, claiming the note was due more than five years prior to the filing of the suit, and denied the payment of interest on the note, for the purpose of making effective the statute of limitations. The answer was not verified. The court instructed the jury to return a verdict for the plaintiff, which was done; and judgment was rendered in favor of the plaintiff below, and against the defendant below, for $1,211.80 and $121.18 attorney fee. From this judgment the defendant below appeals to this court.

There are two questions raised in the petition for rehearing, one of which, and the one which is really decisive, seems not to have been relied upon or urged in the original brief of the plaintiff in error. In the original brief the plaintiff in error presses the proposition that the class of indorsements on the note in question is not the kind or class that the statute requires to be denied under oath, and says:

"There is no precedent for the holding of the court that a mere memorandum of an interest payment on the back of the note, while in the hands of the payee, can be construed as an indorsement under section 5648 of the statute, so as to require the indorsements to be denied under oath. I have searched diligently for such a precedent, but have found none. Every case I have been able to find, which treats the question, always involves the fact of an actual indorsement of some person's name on the back of the instrument, and the issue is always as to the liability of such indorser. Indeed, on a casual reading of the statute it seems impossible to draw any other conclusion than that it was intended to apply to allegations of the indorsement of a person's name on the back of the instrument."

And both parties treated the allegation of the indorsements as sufficient, but plaintiff in error complained that the class of indorsements alleged was not the class the statute required to be denied under oath. But in the petition for rehearing emphasis is laid on the fact, by plaintiff in error, "that there is no allegation of the indorsement of any credit for interest paid," which presents an entirely different issue. The contention in the original brief as above set out, we think, is wholly without merit. The contention in the petition for rehearing is one deserving attention. It is not the policy of the court to scrutinize pleadings about which there seems to be no controversy. Hence the question as to the pleadings now raised was not gone into in the original opinion because the sufficiency of the pleading was not questioned. In this opinion the court does not wish to be understood as laying down the rule that it is permissible for a litigant, when he has tried and lost on one theory, to come back and try on an entirely different one. But as that question has not been directly passed upon by this court,

and no issue is raised on it now, we will consider this particular case upon the new issues raised by the petition for rehearing.

The statute is:

"In all actions, allegations of the execution of written instruments and indorsements thereon  *   *   * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." (Section 4759, Revised Laws 1910; section 5648, Snyder's Compiled Laws 1909.)

Then the question is: Was there such an allegation of the endorsements in the petition as would require the defendant to deny it under oath?

The only reference to the indorsement of payments is found in paragraph 4 of the petition, and is as follows:

"That the interest on the sa d note has been paid to July 20, 1906, and that on April 15, 1907, there was credited on the said note the sum of $100, the proceeds of the sale of the security hypothecated at the time of the making of the same."

The first clause only says "that the interest on said note has been paid to July 20, 1906," but does not plead that the payment is indorsed on the note; consequently the defendant would not be required to deny that under oath, for no indorsement of it on the note is pleaded. And the fact that a copy of the note was attached to the petition would not rel.eve the plaintiff of the necessity of pleading the indorsement before it could require the defendant to deny it under oath. The statute is specific, and it is the specific allegation of the indorsement that the defendant is required to deny under oath; not something that may be shown by an exhibit attached to the petition.

We do not recall that this particular clause of this section has been passed upon by this court, but its companion clause, "that allegations of the correctness of an account duly verified by the affidavit of the party, his agent, or attorney, shall be taken as true, unless denial of the same be verified by the affidavit of the party, his agent, or attorney," has been repeatedly construed; and in every instance it has been held that there must be a specific allegation of the correctness of the account in the petition, before the defendant is required to file a verified denial. *Myers v. First Presbyterian Church of Perry*, 11 Okla. 544, 64 Pac. 874; *Buchanan v. Statler et al.*, 32 Okla. 206, 120 Pac. 658; *American National Bank of K. & T. Ry. Co. v. Lawson*, 37 Okla. 322, 132 Pac. 321; *Tishomingo v. Roberts*, 29 Okla. 221, 116 Pac. 774; *M., El Reno Vitrified Brick & Tile Co. v. C. W. Raymond Co.*, 46 Okla. 388, 148 Pac. 1000; *Miners' Supply Co. v. Chestnutt-Gibbons Grocer Co.*, ante, p. 151, 150 Pac. 686. And we think the same rule would apply to the clause under consideration, and that the statute requires that the petition specifically allege the indorsements, before the defendant is required to file a verified denial.

In the petition under consideration the clause attaching the note as an exhibit does not even refer to the indorsements, or intimate that there is any indorsement on the note, but only says: "A copy of the said note is hereto attached, marked 'Exhibit A,' and made a part thereof." And the statute requires a pleading of the indorsements specifically in the petition, before the defendant is required to file a verified denial.

Then does the second clause in paragraph 4, "that on April 15, 1907, there was credited on the said note the sum of $100, the proceeds of the sale of the security

hypothecated at the time of the making of the same,'' sufficiently plead an indorsement, to require a verified denial or stand admitted? It says that on April 15, 1907, the proceeds of this sale of the security hypothecated at the time of making the note were credited on the note, which, we think, is tantamount to saying that that credit was indorsed on the note. And in the absence of a verified denial of that plea it was admitted.

But it pleads that the amount credited was the proceeds of the sale of security hypothecated at the time of making the note, and even that being admitted does not affect the contention of the parties in this action. For the defendant relies upon the defense that the note is barred by the statute of limitations, and this credit would not toll the statute, for it was not a voluntary payment, and therefore not a renewed promise or a renewed acknowledgment of the obligation. There is some little conflict, but the great weight of authority is to the effect that the application of the proceeds of a mortgage foreclosure to the payment of a note, or the proceeds of the sale of securities hypothecated at the time of making of the note, does not toll the statute. Such payment does not constitute a new promise, or a new acknowledgment of the indebtedness, but is only an enforcement of the original obligation and promise. *Union Stock Yards National Bank of South Omaha, Neb., v. Maika,* 16 Wyo. 141, 92 Pac. 619, 125 Am. St. Rep. 1032, 14 Ann. Cas. 977; *F. A. Adams v. Walter S. Holden,* 111 Iowa, 54, 82 N. W. 468; *Westinghouse Co. v. Boyle,* 126 Mich. 677, 86 N. W. 136, 86 Am. St. Rep. 570; *Atwood v. Lammers et al.,* 97 Minn. 214, 106 N. W. 310; *S. H. Regan v. E. H. Williams,* 88 Mo. App. 577.

The syllabus in *Atwood v. Lammers et al., supra,* holds:

"The indorsement upon a promissory note of the proceeds of the sale of collateral securities which were deposited with the note at the time it was given does not constitute a part payment which will interrupt the running of the statute of limitations."

This is in harmony with the almost unanimous decision of the courts upon this question.

Defendant in error cites a number of cases in which the maker of the note, after its execution or after it became due, placed other notes in the hands of the payee with instructions that he collect them, and apply their proceeds in payment of his note; and that was held to toll the statute. But those cases present a very different question from the one under consideration, for the surrender of those notes, with instructions to collect them, and apply the proceeds to the payment of the maker's note, is a new promise and a new acknowledgment on the part of the maker of the debt. But the application of the proceeds of property mortgaged, or hypothecated at the time of the making of the note, does not constitute a new promise to pay, or a new acknowledgment of the debt.

Under the pleadings in this case, we think, the burden is on the plaintiff to show that the payment of the interest pleaded was made by the defendant, or under his direction, so as to affect a new acknowledgment of the obligation; for if under the pleadings this interest was not voluntarily paid by the defendant, after the execution of the note, then there is nothing else pleaded that would toll the statute, and the note would be barred by the statute of limitations.

In *Good v. Ehrlich et al.,* 67 Kan. 94, 72 Pac. 545, it is held:

"A part payment, in order to be efficient to toll the statute of limitations or remove the bar, must have been made as a part payment of the obligation in question by the obligor, or by some one at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation."

We recommend that the judgment be reversed, the cause remanded for further proceedings not inconsistent with this opinion, and that the former opinion in this case be withdrawn, and this substituted for it.

By the Court: It is so ordered.