## BERTRAM et al. v. MOORE.

No. 20948. Opinion Filed June 7, 1932.

Rehearing Denied Nov. 1, 1932.

D. D. Brunson and J. E. Whitehead. for plaintiffs in error.

Ferguson & Semple, for defendant in error.

CULLISON, J. Plaintiff, Tom Moore, filed suit in the district court seeking to foreclose a vendor's lien upon certain real property located in Coal county, Okla., and from a judgment favorable to plaintiff, defendants appeal. The parties will be referred to as they appeared in the trial court.

The record discloses that Patsy Grennan and wife owned certain real property in Coal county, Okla. In the year 1918 they mortgaged a portion of said real property to the Conservative Loan Company in the amount of $1,500, which said mortgage was sold and assigned by the Conservative Loan Company to Neva Baker one of the defendants herein. On the same date Grennan and wife mortgaged other and additional real property to the Conservative Loan Company for $2,000, which said mortgage was sold and assigned by the Conservative Loan Company to W. C. Bertram, one of the defendants herein. After giving said mortgages, Grennan and wife conveyed the land to one Boxley, who in turn conveyed the same to one Morris, who in turn conveyed to the plaintiff, Tom Moore. Tom Moore sold the land to J. A. Dillehay and reserved a vendor's lien for the purchase price of said property, in the amount of $2,800, evidenced by two notes, each dated January 8, 1921, one of which became due on January 1, 1922, and the second note became due on January 1, 1923. Each of said notes stated that the same was given in part payment of the purchase price of the land in question, which was described in said notes.

The deed given by Tom Moore to Dillehay recited that part of the purchase price of said property, to wit. $2,800 thereof, was represented by two notes of $1,400 each. The payments on the mortgages given by Grennan and wife covering the property under consideration, were not made when due, and Bertram and Baker, the owners and holders of said mortgages, instituted foreclosure proceedings to foreclose their respective real estate mortgages. In the foreclosure of said real estate mortgages, plaintiff, Tom Moore, was not made a party defendant in either of said foreclosure suits. In each of the foreclosure suits, judgment was rendered favorable to the owner and holder of the mortgage, the property sold thereunder, and Bertram and Baker bought in the property covered by their respective mortgages. On April 11, 1928, Tom Moore (plaintiff) filed the case at bar seeking to foreclose his vendor's lien against the property sold to Dillehay, which is the same property as that covered by Bertram and Baker's sheriff's deeds.

The case was tried to the court and at the conclusion of the evidence the court found favorably to plaintiff and rendered judgment for plaintiff for the amount of the purchase price remaining unpaid, to wit, $2,800, as represented by the two notes, the basis of plaintiff's suit, with interest and attorney's fees, and decreed the same to be a valid lien upon the land in controversy.

In the appeal. to this court, defendants contend that plaintiff's cause of action was barred by the statute of limitations. In the consideration of this question, we observe the following vital factors in said record: The basis of plaintiff's cause of action is the vendor's lien retained by plaintiff when he sold the land to Dillehay on January 8, 1921, and on said date Dillehay made and executed his two certain vendor's lien notes in favor of the plaintiff herein (Tom Moore) in the amount of $1,400 each. The first of said notes became due on January 1, 1922, and the second note became due on January 1, 1923. Plaintiff's cause of action was filed in the district court on April 11, 1928, more than five years after the last note became due.

Plaintiff pleaded that Dillehay, the maker of said notes, had resided without and beyond the limits of the state of Oklahoma since the date said notes were executed, and claimed that this tolled the running of the statute of limitations. The exact case presented herein for determination has never been passed upon by this court. The question is whether the fact that Dillehay was without the borders of the state of Oklahoma from and after the date said notes became due was sufficient to toll the statute of limitations in regard to the vendor's lien against the real property situated in Coal county, Okla.

Section 7424, C. O. S. 1921, is as follows:

"A lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation."

The above section is the only guide we have in determining the case at bar. We ob-

serve that said section provides that a lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation. This statement, that a lien is extinguished by the mere lapse of time within which an action can be brought upon the principal obligation, means that the lien lapses if no proceedings are instituted to enforce the same upon the expiration of the length of time that the statute of limitations would run against the obligation.

What was the limitation on plaintiff's cause of action? The same was represented by two notes. The statute of limitations on a note is five years. The second note in the case at bar became due on January 1. 1923, and on January 1, 1928, the statute of limiations had run against plaintiff's cause of action on said note, unless there was some saving feature to prevent the running of the statute of limitations. ·Plaintiff pleaded that Dillehay had been absent from the state so as to toll the running of the statute of limitations. Does the absence from this state of the maker of the vendor's lien notes extend the time in which the vendor could ·foreclose his lien on the land to subject said land to the payment of the unpaid balance of the purchase price?

We observe that it was the intention of the Legislature in passing the statute such as under consideration to meet the very situations as presented by the case at bar. The record discloses that Dillehay was a resident of the state of Texas at the time the contracts under consideration were made and has been ever since. There was no good reason why he should come to the state of Oklahoma and permit himself to be sued. Good judgment dictated that he remain within the state of Texas and save himself. Under our statutes, so long as he remains without the state the statute of limitations would not run as against him on the notes. Under the circumstances in this case we see no reason why he should come into the state of Oklahoma and thereby start the statute of limitations to running. If he remains without the state and the statute of limitations did not run against the lien as contended by plaintiff, then the lien would continue indefinitely.

As a matter of public policy it is expedient that titles to real property be kept in a good merchantable condition and for that reason it is the intent of section 7424 to cut off such liens within the statutory time provided for enforcing the same, thereby clearing said property from the effect of said lien where the holder of the lien fails to en-

force the same within the reasonable time allowed him by statute.

We further observe that where the holder of a note seeks judgment on the note, he seeks a personal judgment against the maker of the note, which necessitates personal service. Personal service cannot be secured where the maker of the note is absent from the state, and for that reason the statute of limitations is tolled during the absence from the state of the maker of the note. But would the same conditions prevail relative to the vendor's lien? The lien is given the seller by statute for the purpose of security in collecting the balance of the unpaid purchase price. The seller may invoke his lien if he so desires. The lien being a creature of statute, it must be enforced in accordance with the statute. The land upon which plaintiff seeks to foreclose his lien has been situated within Coal county, Okla., at all times. When the first note became due, the land was within the jurisdiction of the district court and has been at all times thereafter. The last note became due on January 1, 1923. At all times thereafter, plaintiff could have instituted proceedings in the district court of Coal county, Okla., and subjected the land to his lien. Plaintiff did not choose to file suit and subject said real property to the payment of his claim, until more than five years after the last note became due. The very thing, to wit. real property, that plaintiff seeks to hold for the debt was present and within the jurisdiction of the court all the time.

The statute provides that the lien is extinguished by the mere lapse of the time within which, under the provision of civil procedure, an action can be brought upon the principal obligation. The principal obligation was in the form of notes, and the limitation upon bringing a suit thereon, under section 185, C O. S. 1921, is five years. Under section 7424, supra, a lien such as under consideration in the case at bar, is extinguished by the mere lapse of five years from and after the date the last note became due. Plaintiff still has his rights against the maker of the notes and the same are not barred so long as Dillehay remains without the state, but the land has been within the jurisdiction of the court at all times. and under section 7424, supra, the statute of limitations began to run against plaintiff's cause of action on January 1, 1923, so that on April 11, 1928, the date plaintiff filed this action, his lien against the land was extinguished. This, we consider conclusive of the case at bar.

The cause is reversed in accordance with this opinion. .

RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.