### EICHMAN v. CULVER.

No. 22579.  Oct. 16, 1934.

Rehearing Denied Nov. 20, 1934.

Morris & Wilhite, for plaintiff in error.

Nowlin, Spielman & Thomas, for defendant in error.

PER CURIAM. The plaintiff in error, who was plaintiff below, and the defendant in error, who was defendant below, will be herein designated as they appeared in the lower court.

This suit, which was filed on February 28, 1930, is upon two causes of action, each upon a promissory note executed by the defendant and one Whittier, to the plaintiff. The note sued on in the first cause of action was due on June 21, 1923. That sued on in the second cause of action was due on May 20, 1923.

Plaintiff alleged that payments were made on the note sued on in the first cause of action by Whittier, comaker of defendant, on September 26, 1923, and on March 10, 1925, and that a payment was made, also by Whittier, on the note sued on in the second cause of action on March 10, 1925. Each note contained the following provision:

"We the makers and indorsers of this note hereby severally waive presentment for payment, notice of nonpayment protest and notice of protest and consent that time of payment may be extended without notice thereof."

Defendant's answer to each cause of action consisted of a general denial and a specific denial that the payments alleged to have been made by Whittier were made by him, or by any person in behalf of defendant, and a plea of the statute of limitations. The answer was sworn to, but there was no specific denial under oath of the execution of either note.

By leave of court this answer was withdrawn and a demurrer was filed to each cause of action. The demurrer having been overruled, defendant excepted and refiled his answer.

At the trial, the defendant objected to the introduction of any evidence upon either count upon the ground that the petition did not state facts sufficient to constitute a

cause of action, in that the action was barred by the statute of limitations. The objection was sustained, as was also the demurrer of plaintiff to the answer of defendant, which had previously been overruled, and judgment for defendant was rendered upon both causes of action.

The actions are barred by the first subdivision of section 101, O. S. 1931, unless the payments by Whittier have the effect of tolling the statute as to Culver.

Counsel for plaintiff state in their brief:

"We are not unmindful of the rule supported by the weight of authority that, a payment by one of several joint and several makers of a note without the consent of the other will not extend the time of payment."

We agree with counsel for plaintiff as to the weight of authority. The rule is so stated in Corpus Juris, which cites in support thereof decisions by the courts of Alabama, Indiana, Maine, Michigan, Montana, New York, Pennsylvania, Wyoming, Illinois, Kansas, Massachusetts, Minnesota, New Hampshire, Ohio and Washington. 37 Corpus Juris, 1163, note 53.

This precise point has never been passed upon by this court. In the case of Kelsay v. Kelsay Land Co., 64 Okla. 291, 166 P. 173, cited by defendant, the payment relied upon to toll the statute was not made by a party to the note.

This court has, however, recognized the principle that a payment, in order to toll the statute, must be a voluntary payment made by the party sought to be charged, or by some one having authority from him so to do. The payment tolls the statute because it constitutes an acknowledgment of the debt. If it is made by some one without authority from the person sought to be charged, it is obvious that it cannot have that effect.

In the case of Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210, the question was whether a credit given upon a note by the application of the sale of securities by the creditor would toll the statute. We quote the second syllabus of that case:

"A credit on a note to toll the statute must be a voluntary payment. And the application, by the holder of the note, of the proceeds of the sale of securities hypothecated at the time of the making of the note, as a credit on the note, does not toll the statute, for the reason that it does not constitute a new promise to pay, or a new acknowledgment of the indebtedness. But is only an enforcement of the original obligation and promise."

Applying the same reasoning to the instant case, the law applicable may be stated as follows: A credit on a note to toll the statute must be a voluntary payment and a payment thereon by a comaker without authority from the one sought to be charged does not toll the statute as to the latter; for the reason that it does not constitute on his part a new promise to pay or a new acknowledgment of the indebtedness.

In the body of the opinion in the Berry Case, this court quoted with approval from the Kansas case of Good v. Ehrlich, as follows:

"A part payment, in order to be efficient to toll the statute of limitations or remove the bar, must have been made as part payment of the obligation in question by the obligor, or by some one at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation." Good v. Ehrlich, 67 Kan. 94, 72 P. 595.

In the Kansas case of Elmore v. Fanning, the physical act of making the payment had been performed by the comaker, who was sought to be charged. He had, however, made this payment as the agent of the other maker. The court held that even under such circumstances his action did not constitute an acknowledgment of the debt by him and did not toll the statute as to him. Elmore v. Fanning, 85 Kan. 501, 117 P. 1019.

After the acknowledgment as to the weight of authority quoted above from the brief of plaintiff, his counsel say:

"But where, as in the case at bar, the makers stipulate in the note their consent to such extension, a payment by one of them will operate as an extension as to both and the statute of limitations then begins to run anew as to both of them."

In support of this proposition they rely upon the opinion of this court in Schreiner v. City National Bank of McAlester et al. The decision in the Schreiner Case, however, is based upon a provision of the note, whereby consent was given to partial payments. We quote from the opinion:

"We do not believe that the cases cited by plaintiff in error are controlling in the case at bar, for the reason the surety in the case at bar consented to partial payments and payments of interest, and so stipulated in the note, and the stipulation further provided that said payments should be without prejudice to the holder. It cannot be said that the payments of interest and the partial payments were made without consent of the defendant, because he had stipulated that

the same might be made and he waived any defense by reason thereof. Having consented to said payments either before or after maturity, he will be deemed to have waived any defense by reason of said payments being made. Having consented and agreed to said payments, the same tolled the statute of limitations as to him." Schreiner v. City National Bank of McAlester et al., 76 Okla. 76, 183 P. 905.

The notes sued upon in this case contained no such provision. They did contain consent that the time of payment might be extended without notice. It is not alleged, however, that either note was ever extended. A partial payment does not operate to extend a note without an agreement to that effect. It is the agreement to extend and not the payment which changes the date of maturity, although the payment alone tolls the statute of limitation as to the one making it and as to those other parties, and only as to those who authorized or consented to the payment. Each note was continuously in default from its original maturity date, which in the case of each was more than five years prior to the filing of the suit. Each cause of action was therefore barred by the first subdivision of section 101, O. S. 1931.

The decision of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Irwin Donovan, C. P. Gotwals, and E. R. Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Donovan and approved by Mr. Gotwals and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.