Keaton, Wells, Johnston & Barnes and Thomas W. Leahy, for plaintiff in error.

Gotwals, Gibson, Killey & Gibson, for defendant in error Bessie G. Moore.

PER CURIAM. Under date of July 15, 1920, the Street-Eicholtz Furniture Company, a copartnership, borrowed money from Bessie G. Moore, defendant in error, plaintiff below (and the parties will be herein designated as in the trial court), for which the copartnership gave its note payable six

months after said date, with interest from date at the rate of 7½ per cent. per annum.

The interest on this note was paid and indorsed on the note each six months, to and including the six months terminating on the 15th day of January, 1924, and thereafter the interest on the note was paid to the 15th of July, 1927, the last semi-annual installment being paid by the Street-Eicholtz Furniture Company, Inc. No payments were made on this note by the defendant Allen Street, and there is no testimony showing any direct payment on this note after the payment of July 15, 1927.

On February 14, 1925, J. G. Street, one of the partners, died, and on that date, by operation of law, the copartnership was dissolved. Some time in February, 1927, the partnership business and interests were transferred to Street-Eicholtz Furniture Company, Inc., a corporation, which corporation then assumed the debts of the copartnership.

Under date of July 15, 1927, the corporation executed and delivered to Bessie G. Moore its promissory note (for the same principal sum as the former copartnership note), payable six months after date, with interest at 7 per cent. per annum. Interest on this note was paid and indorsed on the note semi-annually, to and including January 15, 1931. The corporation went into receivership and a claim for this note was filed by the plaintiff with the receiver, and she received a payment from the receiver on or about March 29, 1932.

The plaintiff commenced this action on August 30, 1932, to recover the balance alleged to be due on the copartnership note, after giving credit for the interest paid by the copartnership, and for the interest paid by the corporation, and for the payments made by the receiver for the corporation.

The defendant Allen Street alleges three defenses: First, that the note given by the corporation and accepted by the plaintiff constituted a novation as to the partnership note and released him from liability; second, that the plaintiff's right of action on the copartnership note is barred by the statute of limitations; and, third, that the plaintiff is guilty of laches which in equity relieves him from liability. Judgment was for the plaintiff and against the defendant Allen Street.

The trial court apparently concluded that there was not a novation, and that the defendant was not released by laches. These conclusions are assigned by the defendant as error and discussed in the briefs of both parties, but need not be considered by this court because the plaintiff's cause of action appears to be barred by the statute of limitations.

Section 101, O. S. 1931, bars an action upon any contract in writing unless the action is commenced within five years after the cause of action shall have accrued. The plaintiff had a right of action on the partnership note at any time after January 15, 1921, when the note on its face was payable. Section 107, O. S. 1931, is as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

No express agreement for an extension is shown. The plaintiff shows that the running of the statute of limitations was suspended by payments of interest on the note, by the partnership, up to and including the interest due on January 15, 1925. The partnership was dissolved by the death of a partner in February, 1925, and accordingly the partnership made no more payments.

The plaintiff says that the payments on the note after the dissolution of the partnership are sufficient to toll the running of the statute. While there are decisions that appear to support this statement, it appears clear that it is not correct under the law in Oklahoma.

A recent case, one decided since the preparation of the briefs in this case, follows a long line of decisions to the same effect, holding:

"Payment, in order to toll statute of limitations. must be voluntary payments by party sought to be charged or by some one having authority from him so to do (St. 1931, sec. 101, subd. 1)." Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640.

And in the opinion in that case the court quotes from Good v. Ehrlich, 67 Kan. 94, 72 P. 545, as follows:

"'A part payment, in order to be efficient to toll the statute of limitations or remove the bar, must have been made as part payment of the obligation in question by the obligor, or by some one at his direction, and under such circumstances as to amount

to an acknowledgment of an existing liability on such obligation.'"

In Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210, a payment was made out of the proceeds of a sale of securities hypothecated at the time of the making of the note, and it was held that this did not constitute a new promise to pay, or a new acknowledgment of the indebtedness, sufficient to toll the statute of limitations, and the following from that opinion is applicable to the present case:

"But it pleads that the amount credited was the proceeds of the sale of security hypothecated at the time of making of the note, and even that being admitted does not affect the contention of the parties in this action. For the defendant relies upon the defense that the note is barred by the statute of limitations, and this credit would not toll the statute, for it was not a voluntary payment, and therefore not a renewed promise or a renewed acknowledgment of the obligation. * * *"

The reasoning followed by Justice Brewer of the Supreme Court of Kansas, in Steele v. Souder, 20 Kan. 39, is that which has been followed by the Oklahoma Supreme Court in numerous opinions and for many years. After quoting the applicable section of the Kansas Civil Code, which is the same as O. S. 1931, sec. 107, the opinion in that case proceeds:

"Now it may be said that if 'payment' is made on the instrument, the instrument itself, and as against all parties to it, is kept alive. The effect of 'acknowledgment' and 'promise' is in terms limited to 'the party to be charged thereby.' The effect of 'payment' is not in terms thus limited. It was therefore intended by the Legislature that it should be broader, and reach to all parties thereto. The language may indeed be open to three constructions: one, that the mere fact of payment, whether by a party to the instrument or not, keeps it alive as to all originally liable on it; another, that payment by one party thereto keeps it alive as to all; and third, that payment, like acknowledgment or promise, keeps it alive only as to the party paying. It seems to us that the latter is the true construction. No valid reason exists why payment should be more potent than acknowledgment, or promise. Indeed, payment was treated by the courts as simply an evidence of acknowledgment. Such construction makes the various provisions of this section not only harmonious with each other, but with the general provision of the statutes making each party to an instrument severally liable thereon. Severally liable each should be severally protected. The statute nowhere in

terms states who will be liable in case of payment, or who must make the payment to avoid the statute. But that the payment must be by the one to be charged, see specially the cases from 21 La. Ann., 30 Ga., 11 N. Y. and 16 Ohio St., supra. The early case of Root v. Bradley, 1 Kan. 437, while not absolutely decisive of this case, strongly tends in this direction.

"We conclude then, that payment suspends the running of the statute only as against the party making the payment. The district court holding otherwise therefore erred, and the judgment must be reversed."

In the present case the only fact claimed by the plaintiff to suspend the running of the statute up to and including the commencement of this action is payment made by a corporation, and a receiver for that corporation, on a note given as additional security for the partnership note on which the plaintiff seeks to recover. Under the law in Oklahoma it appears that such a payment is not sufficient to suspend the running of the statute of limitations, and this is true, even if, as argued by the defendant in error, the corporation had become the principal obligor as between it and the partnership.

As an elementary matter, which it is not necessary to decide here, it does not appear that after the dissolution of the partnership in 1925 there was any one with power or authority to suspend the running of the statute of limitations on the partnership note by payment or by making a new promise, or otherwise. The partnership was dissolved; no such power or authority is given to the surviving partners by statute, and—

"After the dissolution of a partnership, the powers and authority of the partners are such only as are prescribed by this article, in such case." O. S. 1931, sec. 11657.

The plaintiff's right of action is barred by the statute of limitations, and the judgment of the trial court is reversed and the case remanded, with instructions to the trial court to render judgment for the defendant Allen Street.

The Supreme Court acknowledges the aid of Attorneys H. W. Randolph and Alvin Richards in the preparation of this opinion. These attorneys constituted two members of an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. H. W. Randolph and approved by Mr. Richards, the cause was assigned to a Justice of this court for examination and report to

the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J. and BAYLESS, PHELPS, and CORN, JJ., concur.