## AMERICAN INVESTMENT CO. et al. v. CITY SAVINGS BANK.

No. 27498.   Jan. 11, 1938.

Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiffs in error.

Harold L. Heiple and Cecil C. Cohoon, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Lincoln county, rendered against the American Investment Company, a corporation, M. M. Cleary and others, in a foreclosure action brought by the City Savings Bank, a New Hampshire corporation. Hereafter the parties will be referred to as in the trial court. The matter now on appeal arose from the following circumstances.

September, 1919, one Bradley and wife executed their note and mortgage to the defendant for $3,000, payable October 1, 1929, with yearly interest payments, evidenced by interest coupons. The defendant subsequently sent a blank assignment of this mortgage to a mortgage brokerage firm, located in Vermont, which firm sold the mortgage to the plaintiff. The mortgage provided that failure to pay interest and taxes when due would mature the debt.

The petition alleged that the terms of the note and mortgage were violated, in that on January 1, 1929, an interest coupon became due and was unpaid, except for a payment made on December 30, 1930, and a payment made on October 16, 1931. Further, that on October 1, 1929, an interest coupon and the principal obligation became due, and that it all remains unpaid. Also, that plaintiff was forced to pay several years' taxes to protect its lien. Other parties who claimed some interest were named defendants and the plaintiff sought foreclosure of its lien.

M. M. Cleary, who claimed fee title by quitclaim deed from the defendant, was given leave to intervene. To the interplea plaintiff answered that Cleary held only as a nominee of the defendant. One Burdick had also been given leave to interplead and to him the plaintiff answered, alleging that the interest coupons he claimed to own had

been transferred to him by the defendant in an attempt to defraud and jeopardize the plaintiff's lien.

Numerous pleadings were filed which we do not deem necessary to set out at length. The plaintiff replied to defendant's answer that interest payments had been made by the defendant in due course of business while the defendant owned the property, and that these payments were made within five years of the date of maturity, and asked that foreclosure of the mortgage be granted.

The cause was tried to the court, 'and the evidence brought out the following state of facts: Bradley and wife executed the note and mortgage to the defendant, who then sent the mortgage to the Vermont brokerage firm, which firm then transferred it to the plaintiff. The assignment, however, was direct, the defendant having executed it in blank, and all dealings later had pertaining to this mortgage were carried on direct, between the plaintiff 'and defendant. It appeared that the defendant acquired title by reason of the execution of a deed to it from one Pace and his wife in 1922, subject to the plaintiff's mortgage. Numerous other transactions regarding this property were carried on by the defendant At the conclusion of the evidence the trial court rendered judgment for the plaintiff, decreeing foreclosure of the mortgage. The defendant and intervener both excepted, motions for new trial were overruled, and the defendant and intervener both appeal, assigning the same errors as grounds for reversal.

Eighteen separate assignments of error are offered by the defendants, these being consolidated and argued under two propositions. The first of these is that section 10957, O. S. 1931, is a bar to the plaintiff's right to foreclose the mortgage involved because such right was not exercised within five years from the due date of the principal obligation, October 1, 1929.

It is the defendants' contention that payment of interest did not suspend the running of the special statute of limitations providing for the extinguishment of the lien, this being section 10957, supra, which provides:

"A lien is extinguished by the mere lapse of the time within which, under the provisions of Civil Procedure, an action can be brought upon the principal obligation."

The argument is that this is a special limitation statute, governing a particular right and remedy, with no tolling exceptions placed upon it by the Legislature, and that since the Legislature placed no means upon it whereby it could be tolled, the court has

no authority to make an exception to such statute. The question to be decided is whether the general statutes of limitation, these being sections 104 and 107, O. S. 1931, apply to, modify, or limit the effect of the section above set out.

Supporting its contention the defendant cites authority from this court holding that section 104, O. S. 1931, has no force or effect upon section 10957, supra, because the former is a general statute, citing Coakley v. Phelan, 179 Okla. 515, 66 P. (2d) 19, and Bertram v. Moore, 160 Okla. 78, 15 P. (2d) 589. The defendants' reasoning is based upon the fact that the conclusion in the Coakley Case that section 104, supra, was a general statute and not to be applied to section 10957, supra, is based upon the rule that exceptions in a general statute are not to be applied to a special statute not containing such exceptions. The argument then is that if section 104, supra, cannot be applied, as the Coakley Case held, as a limitation, neither can section 107, supra, be applied to section 10957, supra, and hence no means are provided to toll such special statute.

The Coakley Case refers to the case of Bertram v. Moore, 160 Okla. 78, 15 P. (2d) 589, and in that case it was held that absence from the state did not toll the running of the special lien statute of limitation; the basis of the reason for the court's holding being contained in the following language:

"As a matter of public policy it is expedient that titles to real property be kept in good merchantable condition and for that reason it is the intent of section 7424, C. O. S. 1921 (sec. 10957, O. S. 1931), to cut off such liens within the statutory time provided for enforcing the same, thereby clearing said property from the effect of said lien where the holder of the lien fails to enforce the same within the reasonable time allowed him by statute."

It is to be noted, however, that in both the Coakley Case and the Moore Case the court was called upon to interpret the statute under a state of facts greatly different from those in the case at bar, for in both of those cases the question of one party to the transaction remaining out of the state arose, while that problem is not presented in the instant case, 'and there is no demand for a personal judgment, the plaintiff asking only to have its mortgage lien foreclosed. The difference in the fact situations necessarily prevents the application of the rule announced in the cited cases to the case at bar.

The defendants urge that to permit the special statute above set out to be tolled will be to announce a rule not in keeping with

public policy or the spirit of the law. However, it seems far more reasonable to say that a rule such as the one contended for by the defendants would serve to work hardship for the reason that payments of interest could be made after maturity of an obligation, leading the holder of a lien to believe himself secure. Then, upon the expiration of the five year period, the statute of limitation could successfully be asserted against any foreclosure, despite the payments which had been made. We decline to put the stamp of judicial approval upon such a rule.

Just as long as the debt was alive it supported the mortgage lien. Section 10957, supra, provides that a lien will be extinguished by the mere lapse of time within which an action can be brought upon the principal obligation. But, in this case, if the interest payments were made in a manner which was sufficient to hold the obligation good, which point will be passed upon later, the action could be brought upon the original obligation. It is to be noted that the case at hand differs from the cases cited as authority by the defendants, for here no question of absence from the state is present, and neither is there any demand for a personal judgment as in the cases of Thomas v. Puett, 177 Okla. 140, 57 P.(2d) 877; Street v. Moore, 172 Okla. 336, 45 P. (2d) 73; Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640.

The defendants' second proposition raises the question whether the payment of interest on a mortgage indebtedness by one who has no authority from the debtor to make payment, after the debt becomes due and before the expiration of five years from the due date, interrupts the running of the general limitation statute. if such payment is made by reason of the application of rental money received by the payor from the mortgaged property.

Defendants base their proposition upon the argument that if an action upon a note is barred by section 101, O. S. 1931, then no proceeding in rem to foreclose the mortgage security can be maintained because of section 10957, supra, and further, because this court has held in Vanscious v. McClellan, 57 Okla. 742, 157 P. 923, and in Rice v. Burgess, 124 Okla. 177, 254 P. 746, that if there is no debt that can be legally collected, then the mortgage cannot be enforced.

Section 101, O. S. 1931, provides in part as follows:

"Limitation of Actions. (1) On Written Contract, Five Years. * * *

"Civil Actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued. and not afterwards.

"First: Within five years: An action upon any contract, agreement or promise in writing."

Thus, action upon the note in this case would, in absence of other circumstances, have to be brought within five years of the due date. However, if the party charged on the note acknowledges the liability or makes a promise, in writing, to pay the same, or pays a part of the principal or interest, the statute of limitations does not bar an action until five years from the date of acknowledgment, promise, or partial payment, under section 107, O. S. 1931, which provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

The defendants' argument is that a mortgage must stand or fall with the debt it secures, and that the debt failed here because none of the three exceptions provided by the statute were apparent. and that no payment was made which would toll the statute, because the payments in question were made by the defendant applying rental money received from the mortgaged property, and that these payments were neither voluntary nor made by one having authority, since they were derived from an assignment of the rents, contained in the mortgage.

However, our court has held that an assignment of rents in a mortgage means nothing, prior to the appointment or recognition of a receiver. See Hart v. Bingman, 171 Okla. 429, 43 P. (2d) 447. Nor can we hold as controlling the fact that the makers of the note did not authorize the defendant to make payment, since this suit is not against the original makers. The defendant here had acquired title to the property and had possession of the land, and by payments upon the mortgage, had the right to continued possession. It appears that all acts of the defendants in regard to the property admit that the property was subject to the mort-

gage, and yet the defendants chose to send the rents as payment upon the obligation.

The plaintiff could not, in reason, be required to search out the source of the payments credited upon the mortgage, and to hold that the payments made were not voluntary and were not sufficient to toll the statute would, in effect, require them to do this. The defendants have presented a great deal of authority in the very complete briefs submitted for this court's consideration, but in view of the facts and circumstances, we hold that the authorities of Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210; James v. Wingate, 179 Okla. 224, 65 P. (2d) 452; Street v. Moore. 172 Okla. 336, 45 P. (2d) 73; Berry Dry Goods Co. v. Jones, 177 Okla. 278, 58 P. (2d) 529; Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640, are not applicable to the case at bar, and we hold that the payments in question were made under such circumstances as to warrant the conclusion that the defendants · recognized the debt due under the mortgage, and when the defendants made these payments they were sufficient to toll the statute.

Judgment of the trial court affirmed.

RILEY, WELCH, PHELPS, GIBSON. HURST, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.