FAIRFAX NAT. BANK et al. v. BURT.

No. 31984.    June 11, 1946.

As Corrected on Denial of Rehearing Oct. 1, 1946.

Second Petition for Rehearing Denied Jan. 28, 1947.

*176 P. 2d 216.*

Floyd O. Yarbrough and D. B. Horsley, both of Pawhuska, for plaintiff in error.

518

J. C. Cornett, of Pawhuska, for defendant in error.

PER CURIAM. This is an action brought by Myrtle Colombe, receiver for Fairfax National Bank, against Genevieve Maher Burt, to recover on a promissory note. The defense consisted of a plea of failure of consideration and plea of limitation. The trial was to a jury, resulting in a verdict and judgment in favor of defendant. At the conclusion of the evidence plaintiff moved the court for a directed verdict and also requested the court to instruct the jury that under the evidence plaintiff's cause of action was not barred by limitation. Both of these motions were overruled and such rulings are now assigned as error.

We shall first consider the question of limitation. The note in question was executed March 8, 1934, and matured September 8, 1934. The action was filed October 27, 1942. In the absence of any payments being made on the note an action thereon was barred within five years after September 8, 1934. There appears an endorsement on the note of a payment of $95 alleged to have been made July 19, 1937. The action, however, was not brought within five years after this alleged payment. There were also several interest payments credited on the notes the last of which purports to pay the interest up to and including November 24, 1937. Defendant contends, and established such contention by her evidence, that these interest payments so credited on the notes were not voluntary payments made by her. She testified that such credits were placed on the note by plaintiff bank; that she had a small account in the bank at that time and that the bank charged her account with such interest payments and credited the same on the note without her knowledge and consent. Plaintiff in its testimony admitted that these credits were so made. It is defendant's contention that since the interest payments endorsed on the note were not voluntary payments by her, made without her knowledge and consent, such payments will not operate to toll the statute. The court in its instructions so told the jury, and we think this instruction correctly states the law. A credit on a note, in order to operate to toll the statute, must be a voluntary payment and a payment made by and with authority from the person sought to be charged. Eichman v. Culver, 169 Okla. 495, 37 P. 2d 640; Street v. Moore, 172 Okla. 336, 45 P. 2d 73. Under these authorities the interest payments endorsed upon the note did not operate to toll the statute.

Plaintiff, however, contends that the defendant was absent from the state when its cause of action accrued and remained absent during all of the time between such date and the date of the filing of the suit except for periodical visits within the state. The evidence supports this contention. Defendant admits that she was a nonresident of the state at the time of the accrual of the cause of action, but alleges that she made frequent trips and visits into the state between 1937 and the date of filing the suit; that the plaintiff bank had knowledge of her presence within the state and had numerous opportunities to serve summons upon her, and that by reason of such trips within the state the statute of limitations continued to run. She, however, testified that the times of her temporary presence within the state did not in the aggregate equal five years or the period of limitation. It is the contention of plaintiff that in order that the temporary presence of plaintiff within the state should operate to keep the statute in motion it is necessary that the times she was present in the state in the aggregate should equal the period of limitations. 12 O.S. 1941 § 98. This contention must be sustained. In the case of Gibson v. Simmons, 77 Kan. 461, 94 P. 1013, the Supreme Court of Kansas said:

"Before a debtor who is absent from the state when a cause of action accrues against him, and who makes temporary or occasional visits to the state during the period of limitation, can set up a bar of the statute, the times of his temporary presence in the state must aggregate the statutory period."

See, also, Latson v. McCollom, 192

Okla. 48, 134 P. 2d 130; Electric Supply Co. v. Garland, 188 Okla. 21, 105 P. 2d 759; Knupp v. Hubbard, 130 Okla. 111, 265 P. 133; Gilliland v. Snedden, 195 Okla. 601, 159 P. 2d 734.

Under the evidence in this case and the law applicable thereto, the judgment cannot be sustained on the theory that the plaintiff's cause of action was barred by limitation.

Plaintiff also contends that the evidence was insufficient upon which to submit the question of failure of consideration to the jury. On this issue the evidence shows that on the 18th day of February, 1931, Harold Burt borrowed the sum of $2,500 from plaintiff bank and executed his note therefor; that the money was borrowed for the use and benefit of his father, H. G. Burt, since deceased, and who was the husband of defendant, and that the money was deposited in plaintiff bank to the credit of defendant. The evidence, however, shows that the money was not deposited for her use and benefit but was deposited for the use and benefit of her husband, H. G. Burt. It is also shown that at the time the money was borrowed by Harold Burt and the note executed he held a note against J. C. Smith which was secured by chattel mortgage and that he assigned this note and mortgage to the bank as additional collateral security. H. G. Burt died February 4, 1932, leaving a balance due on this note in the sum of $1,730.64. Shortly after his death the bank started proceedings to foreclose this mortgage and advertised the mortgaged property for sale. Plaintiff offered evidence tending to prove that defendant, upon ascertaining that the property had been advertised for sale, made an offer to the bank to purchase the property at the sale for the sum of $1,730.64, the balance due and owing on the original note by her deceased husband; that the bank accepted such offer and the property was then sold to the defendant for such sum and she executed a note in the sum of $1,730.64 in payment thereof; she thereafter made several payments on the note which reduced her indebtedness to $1,500; that a renewal note in that amount was then executed by her; that she made several payments on this note and reduced the amount to $1,294 and executed a renewal note in that amount, and that she thereafter made additional payments reducing the balance due to the sum of $645; that on the 8th day of March, 1934, she executed a note in that sum to take up the balance due on the original note, which note is the note sued upon herein.

The defendant by her testimony admitted the execution and delivery of the $1,730.64 note. She, however, denied that the note was executed in consideration of purchase of the mortgaged property. She denied that she ever agreed to or did purchase the property. She admitted, however, that she obtained possession of the property and sold a portion thereof and applied the proceeds in payment of the various payments made on the note; she admitted that she renewed the notes as testified to by plaintiff's witnesses and admitted that the $645 note sued upon was executed to take up the balance due on the original note. She, however, testified that she agreed to and did execute the original note and upon the agreement and promise on the part of the bank to transfer and deliver to her the $2,500 note executed by Harold Burt for the use and benefit of her deceased husband; that the bank failed and refused to deliver to her such note; that the consideration for the execution of the note therefore failed. This is substantially all the evidence offered on the question as to the failure of consideration. It is the contention of plaintiff that this evidence is wholly insufficient to establish a failure of consideration and this question should therefore not have been submitted to the jury. It is its contention that since defendant by her own evidence has admitted the execution of the various notes, even though the consideration for the original note was the transfer and delivery of the $2,500 note originally executed by Harold Burt, she thereby waived the delivery of such note and waived any

defense that she might have had as to the failure of consideration for the original note. In support of this contention counsel cite Nease v. National Bank of Commerce, 174 Okla. 270, 50 P. 2d 312, and Moran v. Security Bank & Trust Co., 181 Okla. 181, 72 P. 2d 814. In the case last above cited we held:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, waives such defense and cannot set it up to defeat a recovery on the renewal note."

Counsel for defendant in his brief does not controvert the correctness of this proposition nor does he contend that the evidence was sufficient to take the case to the jury on the question of failure of consideration under the theory upon which his case was presented and tried. He has, however, wholly abandoned such theory and presents his case on appeal on an entirely different and inconsistent theory. Counsel in his brief now urges that the note sued upon was not a renewal note, was not given to take up the balance due on the original note, but contends that it was a new and independent note, that defendant owed the bank nothing at the time the note was executed; that the records show the original obligation had been fully paid and discharged at the time; that defendant received no new consideration for the execution of such note, and that he, therefore, has proven and established his defense of failure of consideration, and the judgment should be affirmed on such theory. In support of this contention he relies on the testimony of defendant to the effect that she received no money or anything of value at the time she signed the note in question and certain evidence of Myrtle Colombe, a former employee and receiver of the bank. This witness, after testifying to the execution of the $1,730.64 note, testified that by various payments the note was finally reduced to $1,294; that thereafter defendant borrowed other amounts on her own account from the bank and executed her individual notes therefor; that various payments were made and credited on these notes as well as on the $1,294 note; that on the 8th day of March, 1934, the date of the execution of the note sued upon, there was a balance due on the entire account between defendant and plaintiff bank in the sum of $1,784.52; that defendant then paid on that date $850, $666.67, $785, $100, and another $100, which payments aggregate the sum of $1,784.52; balance then due, which payments balanced the account; that she then executed a note in the sum of $645, the note in question. This evidence defendant contends conclusively sustains his contention that defendant owed plaintiff bank nothing at the time she signed the note. This evidence apparently lends some support to defendant's contention, but we do not think it conclusively sustains such contention. The evidence does not show how these payments were made except that $650 was paid by check given by defendant on a bank in Winfield, Kan., but as to how the other payments were made the evidence does not disclose. These various payments and credits are shown by ledger sheet Exhibit 4. An examination of this ledger sheet discloses that on the 8th day of March 1934, the date the note in question was executed, defendant still owed plaintiff bank a balance of $850 on the $1,294 note. Counsel for plaintiff urges that the credit given defendant on the ledger sheet for payment of $850 consisted in part of the note of $645 executed by defendant on March 8, 1934, and that such amount represented in truth and in fact a balance still remaining due and owing by the defendant on the original note executed by her. There is, however, no evidence contained in the record which definitely sustains such contention. Notwithstanding the plausibility of the argument now urged in behalf of defendant in this respect, we do not think the judgment should be sustained on this theory. If the case is to be decided on this theory, it should be tried on such theory and plaintiff should be given a day in court to defend against such issue. In this connection it must be

noted that defendant herself testified that the note in question was given to take up a balance due on the original note. In view of this testimony plaintiff might well have deemed it unnecessary to enter into a detailed explanation or analysis of the various credits which were given and placed upon the ledger sheet in order to balance the account. Had this theory been presented by defendant at the trial, plaintiff might then have shown, as it now contends, that the $645 note here involved formed at least in part a basis for the credit of $850 given to defendant on the account, and thus might have conclusively shown that the $645 note was executed by defendant to take up the balance due on the original note.

If, on the other hand, defendant in fact owed plaintiff nothing at the time she executed the note in question and executed the same under the mistaken belief that she still owed plaintiff a balance in that amount, she should not be required to pay the same.

Taking into consideration the entire record, we think justice will be done by reversing the judgment and remanding the cause for a new trial.

Reversed and remanded for a new trial.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.