V. M. (Steve) WILLIS, Plaintiff in Error,

v.

Johnnie KUHN et al., Defendants in Error.

No. 40553.

Supreme Court of Oklahoma.

Nov. 4, 1964.

Joe Stamper, Antlers, for plaintiff in error.

John Allen Phillips II, Phillips & Moore, Durant, for defendants in error.

HALLEY, Vice Chief Justice.

This is an appeal from a judgment on the answer and cross-petition of the defendant, Johnnie Kuhn, giving him a first lien and foreclosing his real estate mortgage on certain real estate located in Atoka County, Oklahoma. The parties will be referred to as they appeared in the trial court.

Plaintiff's petition alleged in substance he acquired a fee simple title to the real property involved herein from Glen E. Adkisson and Mary Ellen Adkisson, husband and wife, except a one-half interest in the minerals, by warranty deed on March 18, 1955. That he was in sole possession of said real property and defendant, Johnnie Kuhn, claimed an interest in or lien upon the lands by reason of a certain mortgage, dated May 24, 1950. Plaintiff's petition further alleged an action upon said mortgage was cancelled by reason of limitations; and therefore, plaintiff prayed that said mortgage be cancelled and held for naught and his title quieted.

Johnnie Kuhn's answer and cross-petition, filed in the District Court on the 7th day of October, 1960, alleged in substance he had a lien upon the lands involved herein by reason of a certain mortgage executed by Glen E. Adkisson and Mary Ellen Adkisson, husband and wife, on May 24, 1950, and recorded on June 2, 1950. That said mortgage was given to secure the payment of a promissory note from Glen E. Adkisson and Mary Ellen Adkisson to Johnnie Kuhn, executed May 24, 1950, due and payable on the 24th day of July, 1950, with interest thereon from date at the rate of 6% per annum. Defendant's answer and cross-petition further alleged that within a few months following the execution of said mortgage, Glen E. Adkisson and Mary Ellen Adkisson, the makers thereof, removed themselves from the State of Oklahoma. That they had been nonresidents and absent therefrom ever since, thus tolling the running of the statute of limitations; and therefore, prayed that his mortgage be adjudged a valid first lien upon said premises and for a judgment foreclosing his lien.

Defendant's amendment to answer and cross-petition alleged that Glen E. Adkisson and Mary Ellen Adkisson executed a second note payable to Johnnie Kuhn on April 10, 1952; and the second note was subsequently liquidated and constituted a payment on the original indebtedness. Further, a payment on said indebtedness in the sum of $696 was made to defendant by said mortgagors in September, 1953.

Trial was thereupon had to the court. The trial court found on the evidence adduced that the allegations of plaintiff's petition were substantially true except for the controverting allegations contained in defendant's answer and cross-petition. That the mortgagors left the State of Oklahoma shortly after the execution of the mortgage

and became nonresidents of this State and had ever since resided without the State of Oklahoma. Therefore the running of the statute of limitations was tolled and defendant had a valid first lien on the said premises. Plaintiff's demurrer and motion for judgment on the pleadings was overruled and the court rendered judgment of foreclosure in favor of defendant. Plaintiff appeals and as grounds for reversal assigns six specifications of error which are presented under four general propositions.

 The primary contention of plaintiff is that an action to foreclose a mortgage on real property may become barred by the statute of limitations, and the absence from the state of mortgagors does not prevent the statute of limitations from running in favor of their grantee.

Under 12 O.S.1961, § 95, an action on a note must be brought within five years after the cause of action accrued. 42 O.S.1961, § 23, provides that the lien of a mortgage is extinguished by the lapse of time which bars an action on the principal obligation Mortgagors' last payment on the note to defendant was made in September, 1953, and therefore, defendant's cause of action to foreclose the mortgage against plaintiff was barred on the 7th day of October, 1960, the date defendant filed his answer and cross-petition in the matter, unless the absence from the state of the mortgagors tolled the statute of limitations from running in favor of plaintiff. Baker v. Broughton et al., 193 Okl. 656, 146 P.2d 832; Harder v. Woodside et al., 196 Okl. 449, 165 P.2d 841; and Janeway v. Artusse, C.C.A.Okl., 159 F.2d 261.

Assuming, without deciding, that the evidence before the trial court was sufficient to prove that the mortgagors, Glen E. Adkisson and Mary Ellen Adkisson, were absent from the State of Oklahoma as alleged in defendant's answer and cross-petition, their absence from the state did not toll the statute of limitations from running in favor of plaintiff, their grantee, and defendant mortgagee's cross action to foreclose his mortgage is barred by the statute of limitations.

119 A.L.R. 331, beginning at p. 353, provides:

"The question whether the running of the statute of limitation will be suspended as to a resident grantee * * of the absent or nonresident mortgagor * * * by reason of the latter's absence or nonresidence, might, at first impression, seem to be controlled by the determination of the question whether the statute would be suspended as to the absent or nonresident mortgagor himself. Such is not, however, the general trend of the cases; and cases which, while conceding that the statute would have been suspended as to the absent or nonresident mortgagor, take the view that it is not suspended as to his resident grantee * * * by reason of the absence or nonresidence of the mortgagor, constitute the rule rather than the exception.

\* \* \* \* \* \*

"But perhaps by the greater weight of authority the mortgagor's absence or nonresidence does not suspend the running of the statute against the foreclosure of the mortgage, so far as the rights of such resident grantee * * * of the nonresident or absent mortgagor are concerned; and this, in many instances, even under the assumption, and in jurisdictions taking the view, that the statute would have been suspended as to the absent or nonresident mortgagor. (citations)"

We think the case of Bertram et al. v. Moore, 160 Okl. 78, 15 P.2d 589, is helpful here. There the basis of plaintiff's cause of action was a vendor's lien retained by the plaintiff (Tom Moore) when he sold certain real property on January 8, 1921, and the purchaser (J. A. Dillehay) made and executed two vendor's lien notes in favor of plaintiff. The first of said notes became due on January 1, 1922, and the second note became due on January 1, 1923. Plaintiff's cause of action seeking to foreclose his vendor's lien upon said real property was filed against defendants (W. C. Bertram and

Neva Baker) in the district court on April 11, 1928, more than five years after the last note became due. Defendants obtained title to the realty involved through sheriff's deeds from foreclosure suits in which plaintiff was not made a party. Defendants contended plaintiff's cause of action was barred by the statute of limitations but plaintiff replied that the maker of said notes (J. A. Dillehay) had resided without and beyond the limits of the State of Oklahoma since the date said notes were executed, and claimed this tolled the running of the statute of limitations.

The judgment of the trial court favorable to plaintiff was reversed. In that case 15 P.2d at p. 591, we said:

> "The statute provides that the lien is extinguished by the mere lapse of the time within which, under the provision of civil procedure, an action can be brought upon the principal obligation. The principal obligation was in the form of notes, and the limitation upon bringing a suit thereon, under section 185, C. O. S. 1921, is five years. Under section 7424, supra, a lien such as under consideration in the case at bar is extinguished by the mere lapse of five years from and after the date the last note became due. Plaintiff still has his rights against the maker of the notes, and the same are not barred so long as Dillehay remains without the state, but the land has been within the jurisdiction of the court at all times, and, under section 7424, supra, the statute of limitations began to run against plaintiff's cause of action on January 1, 1923, so that on April 11, 1928, the date plaintiff filed this action, his lien against the land was extinguished. This we consider conclusive of the case at bar."

We think Coakley et al. v. Phelan, 179 Okl. 515, 66 P.2d 19, is in point here. It was an appeal from a judgment denying the foreclosure of a mortgage lien in an action commenced by plaintiff on January 20, 1930.

Mortgagors (E. Howland and Eleanor Howland) executed a mortgage on their realty to secure a note in favor of the mortgagee (E. R. Tileson), which was made to mature on November 1, 1915. The heirs of mortgagee, after obtaining a judgment against mortgagors without foreclosing the mortgage, executed an assignment of the judgment and mortgage to plaintiff. In the meantime, mortgagors conveyed the premises to Joe Frost, who assumed and agreed to pay the mortgage. Joe Frost was at all times from the assumption of said indebtedness absent from and not within the State of Oklahoma. Defendant, John T. Phelan, who obtained title to the premises through various quitclaim deeds, answered that plaintiff's cause of action to foreclose the mortgage lien was barred by the statute of limitations. Judgment was entered at the trial in favor of defendant, John T. Phelan, against plaintiff, and plaintiff appealed. This Court, affirming the trial court, held in the fifth paragraph of the syllabus:

> "An action to foreclose a mortgage on real property is a remedy distinct from the remedies by which the creditor may enforce the personal obligation for the debt secured by the mortgage, and may become barred by the statute of limitation, and the absence from the state of one who had purchased the real property from the mortgagor and assumed the mortgage indebtedness does not prevent the statute of limitation from running in favor of his grantee."

And in the body of the opinion, 66 P.2d p. 23, it was said:

> " * * * There is and can be no difference in principle between a vendor's lien and a mortgage lien. The statute applies alike to all liens."

Defendant relies mainly upon Latson et ux. v. McCollom et al., 192 Okl. 48, 134 P.2d 130; St. Louis & S. F. R. Co. v. Taliaferro, 67 Okl. 37, 168 P. 788; Fairfax Nat. Bank v. Burt, 197 Okl. 517, 176 P.2d 216; American Investment Co. et al. v. City Sav.

Bank, 181 Okl. 511, 75 P.2d 186; and Smith et al. v. Bush et al., 173 Okl. 172, 44 P.2d 921, to sustain the trial court's judgment.

Latson et ux. v. McCollom et al., supra, is not in point. The Court held the statute of limitations would not be suspended as to the absent mortgagor himself, distinguishing it from Bertram et al. v. Moore, supra, and Coakley et al. v. Phelan, supra, as follows:

> "* * * In the Bertram case, plaintiff sought to foreclose a statutory vendor's lien for a portion of the purchase price represented by notes given by one who at the time was a nonresident of the state and who continued such nonresidence, and *the action was between the holder of the vendor's lien and certain purchasers at mortgage foreclosure sale and not between the original parties to the vendor's lien.* In the Coakley case, soon after the maturity of the note, the plaintiff procured a judgment against the makers of the note within the state without attempting to foreclose his mortgage. But prior to the rendition of said judgment, the owner of the property covered by the mortgage had conveyed the same to a nonresident of the state, who assumed and agreed to pay the mortgage, which nonresident thereafter conveyed the property to Phelan, who was the owner of the property sought to be charged. The judgment was kept alive by the timely issuance of executions; thus the title to the land had been conveyed to a nonresident and to a third party and a somewhat different question was involved therein. *Both actions were actions in rem involving third persons only, and not the original parties, with no action in personam involved.*" (Emphasis added)

The case of St. Louis & S. F. R. Co. v. Taliaferro, supra, and Fairfax Nat. Bank v. Burt, supra, have no bearing on the instant case. The Taliaferro case was an action for damages for killing domestic animals and the Burt case deals with involuntary interest payments, the debtor's temporary presence within the state and failure of consideration, and not with the foreclosure of mortgage liens upon real property.

American Investment Co. et al. v. City Sav. Bank, supra, and Smith et al. v. Bush et al., supra, have no bearing on the instant case since both deal with tolling the statute of limitations with interest payments, and not with the mortgagor's absence from state. This Court noted the distinction in the American Inv. Co. case in stating:

> "It is to be noted, however, that in both the Coakley Case and the Moore Case the court was called upon to interpret the statute under a state of facts greatly different from those in the case at bar, for in both of those cases the question of one party to the transaction remaining out of the state arose, while that problem is not presented in the instant case, and there is no demand for a personal judgment, the plaintiff asking only to have its mortgage lien foreclosed. The difference in the fact situations necessarily prevents the application of the rule announced in the cited cases to the case at bar."

Other questions are raised in this appeal by plaintiff, but in view of what we have said herein, we deem it unnecessary to discuss them.

The judgment of the trial court is reversed and remanded with directions to enter judgment for plaintiff in error quieting his title to the real property involved herein in conformity with the above views.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

DAVISON and JACKSON, JJ., dissent.